EDWARD W. ZANDER

v.

WALTER M. SCOTT et al.

*Filed at Ottawa January 19, 1897.*

1. HOMESTEAD—*right must exist when judgment lien attaches.* A motion to set aside an execution sale of property on the ground that it was exempt as a homestead cannot be allowed where the affidavit on which it is based fails to show that the homestead right existed when the judgment became a lien.

2. SAME—*wife may claim homestead exemption, though not the head of a family.* The provision of the Exemption act (Rev. Stat. 1874, p. 497, sec. 1,) that "every householder having a family" is entitled to a homestead exemption, does not require such householder to be the head of the family, and a wife is entitled to the exemption in her separate property when occupied as a homestead by herself, husband and children.

3. SAME—*right not waived because not claimed before sale.* The right to a homestead exemption is not waived because not claimed before a sale of the property on execution, or because no objections were made to such sale.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

This cause arose upon a motion in the court below to set aside a sale of real estate on execution. The motion is based upon the affidavit of Elizabeth Scott, setting up that she is the owner in fee of the property sold, subject to an incumbrance, by mortgage, of $3100; that the premises are improved by a frame house, and are worth, with all the improvements, approximately, $4000; "that said lot of land and buildings thereon are occupied by affiant as her residence and constitute the homestead of affiant and her family; that her husband is living, and he, together with affiant and her seven children, occupy said premises as their homestead, and the same is the family residence." It then sets up the judgment against herself and husband, the issuing of the execution thereon and the sale of the premises for $585.09, and that in the levy

and sale no homestead was set off, nor $1000 to her or
her husband in lieu thereof; that the sale was not for
unpaid taxes or assessments or for debt or liability in-
curred for the purchase or improvement thereof, and no
release of the homestead was made; that she and her
husband are living together as husband and wife, and she
makes the affidavit for the purpose of claiming the home-
stead exemption and having the sale thereof set aside.
A counter affidavit by Edward W. Zander was filed, the
substance of which is, that notwithstanding said Eliza-
beth Scott and her husband knew of the levy upon and in-
tended sale of the premises, and by themselves and their
attorneys made propositions for the payment and satis-
faction of said judgment and postponement of the sale,
they at no time claimed or gave him any notice whatever
that the premises were occupied as a homestead or made
any objection to the sale thereof.   The court sustained
the motion and set aside the sale and satisfaction of the
judgment, from which this writ of error is prosecuted.

GEORGE A. DUPUY, for plaintiff in error:

To entitle claimant to exemption the real estate must
have been a homestead when the judgment was rendered,
and became a lien, as well as when the sale was made.
*Reinbach* v. *Walter*, 27 Ill. 393; *Tourville* v. *Pierson*, 39 id. 452;
*Chappell* v. *Spire*, 106 id. 475; *Rock* v. *Haas*, 110 id. 528.

The real estate of the wife is not exempt from sale
for payment of the wife's debts.   *Getzler* v. *Saroni,* 18 Ill.
517; *Kenley* v. *Hudelson*, 99 id. 499; *Ryhiner* v. *Frank*, 105 id.
331; *Titman* v. *Moore*, 43 id. 174; *Vasey* v. *Trustees*, 59 id. 191.

The homestead right, if any, was waived.   *Wright* v.
*Dunning*, 46 Ill. 275; *Monroe* v. *Snow*, 33 Ill. App. 230.

SPENCER WARD, for defendants in error:

Homestead granted on application of either spouse
will avail the other.   Waples on Homestead, 120-126;
Thompson on Homestead, secs. 220-226.

The principle upon which the cases all rest is, the homestead exemption is intended for the benefit of the debtor's family as much as for himself. *Asher* v. *Mitchell*, 92 Ill. 486.

If premises belong to the husband, the wife has the right to claim them as a homestead. *Boyd* v. *Cudderback*, 31 Ill. 118.

Where title to the "lot of ground" and the buildings thereon is in the wife, and she, with her husband and the family, resides thereon, that lot is the homestead. *Tourville* v. *Pierson*, 39 Ill. 453.

The law exempts the homestead from sale under execution, and the debtor is required to perform no act, to discharge no duty or manifest an intention to avail himself of its benefits. *Imhoff* v. *Lipe*, 162 Ill. 285.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Three grounds of reversal are urged: First, it does not appear from the affidavit on which the motion was based that the premises were occupied by Mrs. Scott as a residence at the time the judgment became a lien upon the same; second, the wife's real estate is not exempt from sale for payment of her debts, though occupied by herself, husband and children as a home; and third, the homestead right, if any existed, was waived.

The judgment was rendered October 16, 1895, the sale made on the 26th of the next month, and the affidavit and motion to vacate the sale were not filed until February 5 following,—three and a half months after the judgment became a lien. The language of the affidavit, as above shown, is, "that said lot of land and buildings thereon *are* occupied by appellant as her residence and *constitute* the homestead of appellant and her family; that her husband is living, and he, together with the affiant and her seven children, *occupy* said premises as their homestead and the same *is* the family residence." All these expressions as to occupancy are in the present

tense, and the affidavit wholly fails to show that the premises were at any time so occupied previously to making the affidavit and motion. It is therefore not shown that they were so occupied when the judgment became a lien nor even when the sale was made. In *Reinbach* v. *Walter*, 27 Ill. 393, in which case the defendant attempted to set up homestead rights against an action of ejectment, it was said: "As the defendant did not prove that any portion of the premises were his homestead at the time the judgment was rendered and when the lien attached, the law has no application. The proof is, that it was his homestead at the time of the sheriff's sale. He may have moved upon the premises but the week before." To the same effect are *Tourville* v. *Pierson*, 39 Ill. 446, *Chappell* v. *Spire*, 106 id. 472, and *Rock* v. *Haas*, 110 id. 528. Indeed, it seems clear, upon principle, that in the absence of some express provision of the statute the right of exemption from execution sale, in order to be availed of, must exist at the time the lien attaches.

We do not think either of the other positions assumed can be maintained, but as the judgment of the court below must be reversed for the reasons stated, it will be unnecessary to discuss them at length. As to the contention that the real estate of the wife is not exempt from sale for payment of her debts, we think the law is otherwise. The language of section 1 of the statute entitled "Exemptions" is, that "every householder having a family shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land, and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence." We see no reason why a wife, though living with her husband, may not be considered a householder under this provision. The statute does not make it necessary that the party claiming the exemption should be the head of a family. It is sufficient that he or she be a "*householder* having a family."

The homestead right was not waived merely because it was not claimed before the sale. *Imhoff* v. *Lipe*, 162 Ill. 282.

The judgment will be reversed and the cause will be remanded, with directions to the Superior Court to overrule the motion.

*Reversed and remanded.*