RAFAEL M. SCHUCK, Plaintiff and Appellant., *v.* CIRILA VERDEJO, Defendant and Appellee.

No. 5778. Argued February 10, 1932. Decided July 29, 1932.

*Molina, Dubón & Ochoteco* for appellant. *Angel A. Vázquez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Rafael M. Schuck brought an action of unlawful detainer against Cirila Verdejo. After a trial the District Court of San Juan rendered judgment for the defendant, we may say, on two grounds: First, that the defendant, although not the owner of the land sought to be recovered, was the owner of a house built thereon, and therefore a conflict of titles arose; and, second, that the defendant had a homestead right to the house (*sic*).

Incidentally we may question whether the right of homestead is not inconsistent with a present right of ownership. In other words, if the defendant has the ownership, the absolute ownership, of a house on a piece of land, then the right of homestead would be merged or confounded in such absolute ownership and no independent right of homestead would arise. Of course if one is the owner of a piece of land or of a house and is deprived of such ownership the right of homestead arises, but then one does not pretend to maintain that he is the absolute owner. We are not seeking to exclude inconsistent defenses but merely to show that as between these two defenses both can not coexist.

The complaint, examined and held good by the court below, was an ordinary one in unlawful detainer to recover the possession of a certain piece of land. In the usual case such a suit would give the plaintiff, if successful, the possession of the land and everything on it.

The answer, carefully read, only set up a right of homestead. It admits that the property that had belonged to Cirila and Petronila Verdejo was acquired by Mr. Molina without disturbing the right of homestead that Cirila had. This would tend to admit, if it was not a direct admission, that the ownership of the house had passed to Mr. Molina.

This Court reversed the judgment, accepting the statement of the court below that the defendant had lived in the house in question for thirty years and had made repairs thereon and extended it. This we did not consider sufficient proof to show title to the house, when, as set forth by the court, the land belonged to another, the plaintiff in this case. We held that the rule was that the accessory follows the principal.

The appellee did not appear at the hearing of this case and filed no brief, but now has presented a motion for reconsideration. She draws attention to the fact that various witnesses said that she was the owner. This Court declared, however, that the presumption is that all houses on a piece of land belong to the actual owner thereof and this presumption was not destroyed by statements in the record that the defendant built the house and was the owner thereof.

Pedro Arroyo was originally the owner of the land in question. He placed a mortgage on the land. In foreclosure of the mortgage credit the land was sold to Mr. Molina. This sale took place on July 15, 1920. At that time it would appear that Pedro Arroyo was dead and that he had left a will by which the title to the property passed to Petronila Verdejo, his wife, and to Cirila Verdejo, his foster-daughter. After the execution sale Mr. Molina brought a dominion title proceeding wherein Petronila and Cirila Verdejo were duly cited

and had an opportunity to defend. Likewise it would appear that Petronila and Cirila Verdejo began a dominion title proceeding of their own which was subsequently abandoned.

Under section 368 of the Civil Code, when a piece of land is sold directly or under an execution sale the presumption is that all property thereon goes with the land. We agree with the appellee that this presumption is controvertible.

At the time of the execution sale the evidence tended strongly to show that there was an old house on the land, where Pedro Arroyo had lived with various dependent persons. In this house Petronila Verdejo continued to live after the death of her husband. Apparently, after the death of Petronila Verdejo and, of course, after the execution sale, Cirila Verdejo, who had lived in the house during the lifetime of Pedro Arroyo and Petronila Verdejo, continued to live in the same house with some or all of the dependent persons who had lived therein with Pedro Arroyo and Petronila Verdejo.

Sometime after the execution sale, Cirila Verdejo according to her own admission, destroyed the old house and built an entirely new one.

When Mr. Molina was on the stand he said:

"Whatever right of homestead in relation to the property sold to Henry G. Molina or any other kind of right that Petronila Verdejo or Cirila Verdejo or any other person could set up was renounced in consideration that I should allow them to live in the place until it became necessary for me to have the house removed."

It would also appear that the plaintiff was making no claim to the ownership of the house as such but was insisting that it should be removed.

The defendant-appellee maintained that title to the house arose by the acts of Cirila Verdejo. We fail to see how the building of a house on land belonging to another can prevent the owner from recovering possession of the premises by an unlawful detainer suit unless the defendant has some existing title.

The record does not disclose that the defendant was relying on the alleged promise of Mr. Molina. On the contrary, she was relying and relies on her alleged right of homestead. If she had renounced her right of homestead due to the alleged promise of Mr. Molina she might possibly claim, as she has not done, some right by contract or license to remain on the land.

Supposing such a defense then it should be raised in the unlawful detainer proceeding. The case below was decided exclusively on the theory of a conflict of titles. Any claim to possession not involving a title must be decided in the unlawful detainer suit.

The definition of unlawful detainer is as follows:

"Section 2. The action of unlawful detainer will lie against the tenants, settlers (*colonos*), and other lessees of property, and against the administrators, agents, keepers, or guards placed in charge of the property by the owner thereof or enjoys the same by sufferance, without paying any rental or other consideration whatever." (Comp. Stat. 1911, sec. 1626.)

The courts of Puerto Rico have consistently held that conflicts of titles could not be decided in unlawful detainer suits. Under this principle any fair appearance of title or right of dominion might defeat the suit. If, independently of a claim to title, claims to a right of possession without being determined could defeat an unlawful detainer suit, then the purpose of the law would be destroyed. The defendant should have alleged and proved a claim to possession and this issue could then have been decided by the court below.

The appellee also greatly relied on the case of *Ermita de Nuestra Señora etc.* v. *Collazo*, 41 P.R.R. 594. In that case there was a recorded possessory title to the house, and this Court was under the impression that the question of the title to that house could not be decided in an unlawful detainer proceeding. We feel bound to hold that that decision can not be invoked as authority to prevent a plaintiff from recovering possession of his land under the recited facts of this

case. Furthermore, the property was ultimately recorded and there is nothing in the record to show that Rafael M. Schuck, who purchased the land from Molina, had any knowledge or notice of the conditions under which Cirila Verdejo was living on the land.

No right of homestead arose in Cirila Verdejo. At the time of the execution sale, while she had some title to the property, she was not the head of the family. Petronila Verdejo was the head. The authorities are clear that the right of homestead must, to be allowed, exist on the date when an execution sale took place. *Garner* v. *Freeman*, 118 La. 183, 185; *Tuttle* v. *Howe*, 14 Minn. 113; *Zander* v. *Scott*, 46 N.E. 2; 13 R.C.L. 601, sec. 64 and notes. It is likewise clear that Cirila Verdejo, although a foster-child of both Pedro Arroyo and Petronila Verdejo, was not a child of Petronila Verdejo and, therefore, whatever right of homestead there might have been did not pass to her.

Under these circumstances, we see no reason why the unlawful detainer suit should not have prevailed, and, therefore, the motion for reconsideration should be denied.

The Chief Justice and Mr. Justice Hutchison dissented.