RAFAEL F. VEVE CARRILLO, Plaintiff and Appellant, v. EDWARD W. KEITH, Defendant and Appellee.

No. 6776. Argued April 5, 1935.—Decided December 16, 1935.

F. García Veve for appellant. E. Martínez Rivera for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

In this case an action was brought before the Municipal Court of Río Piedras by plaintiff Veve Carrillo, to recover the sum of $500 as a homestead exemption in an urban property described in the complaint. It was alleged that on April 16, 1926, the plaintiff, for himself and as attorney in fact of his wife, constituted a first mortgage on said property in favor of Edward W. Keith to secure a loan made to them by the latter in the sum of $10,000; that on August 24, 1930, Edward W. Keith instituted, in the District Court of San Juan, a proceeding to foreclose the mortgage against the plaintiff herein and his wife; that on August 25 of the same year, the Judge of the District Court of San Juan entered an order of execution; that the clerk of said court had issued a writ directed to the marshal and that this writ was pending execution and the mortgaged property had not yet been sold at public auction; that plaintiff had theretofore lived and still lived, together with his wife and children, in the aforesaid property, occupying the same as his homestead since the year 1922; that it has always been and continues to be the desire of plaintiff to retain his homestead estate in said property to the amount of $500, and that plaintiff has never waived in favor of defendant or of any other person his aforesaid homestead right. Based on those allegations, plaintiff prayed for a judgment ordering defendant to pay to him the sum of $500 as his homestead right in said property. The defendant in his answer denied, among other things, that plaintiff had ever had any homestead right in the property described in the complaint. After the trial was held in the municipal court, but before judgment was rendered, plaintiff requested leave to amend the complaint to conform to the proof by alleging the sale of the property at public auction, its adjudication to defendant Edward W. Keith, and the eviction of plaintiff by virtue of a judicial order. The court granted the request, and as the defendant moved that the order ad-

mitting the amended complaint be set aside, the court so ordered and fixed a day for the hearing of plaintiff's motion. The court, after hearing the parties, entered the following order:

"On reading the motion of plaintiff, for leave to amend his complaint to conform to the evidence, which was fully argued on August 17, 1933, by counsel for the parties, and on reading also the briefs filed by the latter, the court is of opinion that, in the light of section 136, et seq, of the Code of Civil Procedure of Puerto Rico, and of the decisions on the subject, the plaintiff in entitled to amend his complaint to conform to the proof, and it so holds; and it hereby orders that the amended complaint filed by plaintiff on May 24, 1933, conforming the pleadings to the proof, remain in full force and effect for all legal purposes."

The district court, on appeal, decided that the original complaint did not state facts sufficient to constitute a cause of action and that the so-called amended complaint, which in fact was a supplemental complaint, could not be admitted, because the same contained allegations of new facts which arose subsequent to the commencement of the action and which were precisely those that served as a basis for the cause of action. The appellant maintains that the court erred in declaring that the original complaint did not state facts sufficient to constitute a cause of action, and in holding that the amendment of the complaint to conform to the proof was not permissible.

 We can understand the conclusions of the lower court, in view of the terms in which the original complaint is drafted. However, in spite of the formal defects noted in said pleading and in the statement of facts, we think that it appears therefrom that plaintiff's right to claim the homestead exemption already existed at the time the present action was brought. In the amended complaint it is alleged that pursuant to an order of the court a writ was issued to the marshal directing the levy of execution on the property described in the complaint, although said property had not

yet been sold at public auction. In our judgment, from the moment the sale of the property under execution was ordered, plaintiff's right to assert his homestead claim arose, provided he really had his homestead established in said property.

According to section 544 of the Civil Code (1930 ed.), no sale shall be made, under a judgment or execution of any farm, plantation, or lot of land and dwellings thereon, when the same is claimed or occupied as a homestead, unless a greater sum than $500 is obtained therefor. In case such farm, plantation, or lot of land and buildings thereon, shall be sold for more than $500, the excess over said last-mentioned sum shall be paid to the creditor and the sum of $500 shall be paid to the debtor, and shall be exempt from execution under a judgment or decree for the period of thirty days.

The owner of the homestead need not wait until he is evicted therefrom in order to enforce his right. Both the spirit and the letter of the law require the protection of such rights, and the most effective way to protect it is to timely claim it so as to prevent the sale of the property in which the claimant has his homestead if the value thereof does not exceed $500 or if it does, to have the amount of his claim paid out of the proceeds of such sale.

In the instant case, the plaintiff has demanded that the defendant be adjudged to pay to him $500 as a homestead exemption before the property is sold but after the levy of execution has been ordered. In order to be able to conclude that the plaintiff is entitled to receive the sum of $500, it must first be determined whether he has a homestead interest in the property on which execution is sought to be levied. This is the essential question to be decided by the court, so as to protect the rights of the plaintiff from the effects of the sale ordered. Once the homestead is established and its existence declared proved, the owner thereof is entitled to

receive and the foreclosing creditor is bound to pay its value upon the consummation of the judicial sale ordered.

On these reasons we base our conclusion that the allegations of the complaint showed that the plaintiff was entitled to some relief, and that in accordance with the adjudicated cases a supplemental complaint might well have been allowed.

From the motion for leave to file an amended complaint and from the order of the municipal court granting such leave, it may be inferred that evidence was introduced tending to show that the property had been sold under execution and that the plaintiff had been evicted therefrom, since the court allowed the amendment to conform to the proof. So that the facts arising subsequently were proved prior to the allowance of the amendments to plaintiff's pleading. These facts in no way altered the basis of the complaint, and and the only change consisted in the introduction of a new allegation to the effect that the property had been sold under execution and that plaintiff had been evicted therefrom.

According to section 134 of the Code of Civil Procedure, a supplemental complaint may be filed alleging facts material to the case occurring after the former complaint. The fact that the pleading has been designated as an amended complaint would make no difference.

In *Wynnewood Cotton Oil Co.* v. *Moore,* 153 Pac. 633, 634, 636, the plaintiff was permitted to amend his petition by alleging that since the institution of the suit the parties had by agreement submitted the matters in controversy to arbitration, and that the arbitrators, after hearing the evidence, had found that the defendant was indebted to the plaintiff in the sum of $969, and had rendered their award to that effect. It was urged that the trial court had erred in overruling a motion to strike the amended and supplemental petition from the files, and it was claimed that this supplemental complaint set up a new cause of action. In deciding the question raised the Supreme Court of Oklahoma said:

"Some controversy arose between counsel as to whether this should be designated as an amended or a supplemental petition. As we look at it, this is a contention over an immaterial matter—a distinction without a difference. If there is a distinction, to our mind, upon a close technical ruling, we would be inclined to say that it is an amendment to the petition, for the reason that it is not a new cause of action as contemplated under the Code, prohibiting amendments which change or set up a new or different claim."

The court further said:

"Whether the pleading objected to is to be treated as an amendment or as a supplemental petition, or whether it is to be governed by statutes of Oklahoma or Arkansas as to amendment of pleadings, the facts set up in the amendment to the petition were not a substantial departure from the matters set up in the original petition. In both instances the plaintiff sought to recover upon the same claim; the only difference being that in the amended or supplemental petition the plaintiff sought to show that the amount of his claim against defendant had been settled and fixed by arbitration since the commencement of the suit. The only possible effect this amendment could have would be upon the testimony necessary to establish the claim, but it could in no sense change the cause of action or the nature of the plaintiff's demand against the defendant. He must recover in both instances, if at all, upon his claim for damages for failure to furnish feed for his cattle."

As we have said before, plaintiff's right, if any, arises from the allegation that he has established his homestead in the property. The new allegations inserted to the complaint can not prejudice the defendant. If evidence thereon was introduced in the municipal court, he could have contradicted it. In the appeal before the district court, where a trial *de novo* will be held, defendant will be able to deny and contradict by proof the new facts alleged. The issue has been raised by the allegations of both parties: plaintiff alleging that he has established his homestead and defendant denying the existence of the same. If plaintiff proves his allegations, if he proves that he has been ousted from the property by defendant, the latter is bound to pay to him the value of said homestead. In view of the character of this

suit, and of the fact that the new allegations can not prej-udice the defendant, we think that we ought not to compel the plaintiff to bring a new suit in the municipal court, by setting aside all the proceedings had, making him go over the ground already covered, reproducing the same allegations, and introducing the same evidence.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with the terms of this opinion.

MR. JUSTICE HUTCHISON, concurring.

Veve Carrillo brought this action in a municipal court to recover $500 as a homestead exemption. He alleged: That Keith, a mortgagee, had instituted a summary proceeding to foreclose a mortgage; that the district judge on August 25, 1930, had entered an executory order; that the clerk had issued to the marshal a writ (*un mandamiento*), which *mandamiento*, according to plaintiff's information and belief, had not been executed nor had any sale been made up to the time of the filing of the complaint. After a trial, the municipal judge permitted Veve Carrillo to amend his complaint to conform to the evidence. In the amended complaint he alleged: That the clerk of the district court, on December 13, 1930, issued to the marshal a writ which was duly executed by the marshal; that said marshal acting upon an order of execution and public sale dated January 27, 1931, and in accordance therewith held a public sale on March 16, 1931, and sold the property described in the complaint to Keith for $8,000; and that he, Veve Carrillo, had been evicted by an order of the district court entered July 20, 1931, in a suit for injunction brought by him against Keith and Manuel Náter Girona, marshal of the district court. The municipal court then rendered judgment for plaintiff.

In the district court, appellant (now appellee), moved to strike the amended complaint on the ground among others that the amended complaint set forth new facts not con-

tained in the original and differed from the original in that it set forth a new cause of action; whereas the original complaint, in the opinion of appellant (now appellee) did not state any cause of action. The municipal court before the trial had overruled a demurrer for want of facts sufficient to constitute a cause of action.

The district judge held: That the original complaint did not state facts sufficient to constitute a cause of action because plaintiff, while occupying the premises as a homestead and prior to his eviction therefrom, had no right to recover from defendant the $500, amount of the homestead exemption; that the so called amended complaint was technically a supplemental complaint and should be so considered; and that inasmuch as plaintiff's cause of action arose after the filing of his original complaint and did not exist at the time of the commencement of the action, there was nothing upon which to base a supplemental complaint and the original complaint was not susceptible of amendment. He then dismissed the action.

The judgment of dismissal and the opinion of the district judge wherein he disposed of the question of law above mentioned are of even date, and plaintiff had no opportunity to amend.

Section 3 of "An Act to regulate appeals from judgments of municipal courts in civil cases," approved March 11, 1908 (Code of Civil Procedure, 1933 edition, 137) reads in part as follows:

" . . . When the appeal is called for trial the court shall, on motion of the appellant, review and consider any preliminary orders, decisions, or rulings by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial unless the court shall have considered that the complaint or answer is subject to demurrer, in which event the court in its discretion may permit such complaint or answer to be amended. . . . "

186

Section 4 of the Homestead Law (section 544 of the Civil Code, 1930 ed.) reads in part as follows:

"No sale shall be made, under a judgment or execution of any such farm, plantation or lot of land and dwellings thereon, when the same is claimed or occupied as a homestead, unless a greater sum than five hundred dollars is obtained therefor. In case such farm, plantation or lot of land and buildings thereon, shall be sold for more than five hundred dollars, the excess over said last mentioned sum shall be paid to the debtor, and shall be exempt from execution under a judgment or decree for the period of thirty days; . . . "

This provision creates no statutory obligation on the part of the plaintiff in a foreclosure proceeding to pay, as a condition precedent to a sale of the mortgaged property, $500 or any other sum either certain or readily reducible to a certainty. Plaintiff named his action a "claim of homestead." He alleged in his complaint that defendant was indebted to him to the amount of his homestead exemption, that is to say $500, which amount defendant had not paid in whole or in part. The prayer was for the recovery of $500 as plaintiff's homestead right. The action was not in form and theory a suit to set aside an order for a sale of the mortgaged premises; nor was it an action for the recovery of unascertained or unliquidated damages. It was, in theory, an action of debt; but the complaint did not disclose any relationship of debtor and creditor. Hence, from the standpoint of plaintiff's theory of the case, it failed to state facts sufficient to support the prayer for relief. If, from any other point of view plaintiff was entitled to any relief whatever, then the district court erred in holding that the complaint did not state facts sufficient to constitute a cause of action. In any event, the court erred, we think, in holding that the complaint was not susceptible of amendment and in dismissing the action without giving plaintiff an opportunity to amend.

A sale made in the teeth of section 4, *supra,* is an absolute nullity, at least as far as the estate of homestead or the homestead exemption is concerned. See *Zander* v. *Scott,* 165 Ill. 51, 46 N. E. 2; *Imhoff* v. *Lipe,* 44 N. E. 493, 494, and cases cited. See also Kales Homestead Exemption Laws, sections 47–51, 115 and 123. An order made in a summary fore-closure proceeding authorizing and directing a sale of the mortgaged property when occupied and claimed as a home-stead without providing for the payment of $500 to the owner of the estate of homestead is equally null and void. The making of such an order is an invasion of the owner's right to be undisturbed in the enjoyment of his estate of home-stead and of his homestead exemption, unless and until the property shall be sold in the manner prescribed by section 4, supra. The order itself tends to cast a cloud upon his title and there is no reason why he should be required to wait until the void order has resulted in a void sale before commencing an action to remove that cloud from his title. After the commencement of such an action he would, of course, be entitled to set up, in a supplemental complaint, subsequent events such as a void sale and his eviction from the premises occupied and claimed by him as a homestead. Thus in the same action he could have the void order of sale vacated, the sale itself set aside and (barring any question of *res judicata,* estoppel, or other questions arising out of the suit for injunction) obtain a decree placing him in the joint possession, if not in the exclusive possession, of the premises previously occupied by him as a homestead. He may, of course, have other remedies some of which he may or may not have had at the time of commencing his action. We need not speculate along these lines.

It might well be argued that the amended complaint, entirely aside from any questions of facts not in existence at the time of filing the original complaint, did not disclose a want of facts sufficient to constitute a cause of action but was rather a defective statement of a good cause of action.

If it did not state a cause of action, the failure to do so must be found in the absence of any express averment to the effect that the order of sale did not provide for a sale in the manner prescribed by section 4 of the Homestead Act. Perhaps it would be too much to say that the result of an amendment in this regard would be merely to make more definite and certain what was before ambiguous and uncertain. In any event, conceding for the sake of argument without holding, that neither the original complaint nor the amended complaint stated facts sufficient to constitute a cause of action, we have no reason to suppose that the defect could not be cured by further amendment. All the circumstances point persuasively to a contrary conclusion.

In the foregoing statement the writer has attempted to set forth his first impression of the instant case. The notion that the order of sale was an absolute nullity as far as the homestead exemption is concerned, may or may not be unsound. It is submitted as a question worthy of serious consideration. Perhaps the municipal court was right in permitting an amendment to conform to the evidence notwithstanding the fact that the amended complaint was technically, as pointed out by the district court, a supplemental complaint and notwithstanding any defect in the original complaint. Perhaps the conclusion reached in the majority opinion might be strengthened by further consideration of the plenary power conferred upon the district court by section 3 of the Law of 1908, supra, in connection with the fact that the exercise of this power is to be followed by a trial de novo. In any event, the writer is quite convinced that the judgment appealed from can not be permitted to stand. He, therefore, concurs in the view that it should be reversed and the case remanded.