(No. 27481.—

DAVID DeMARTINI, Appellee, *vs.* CELESTINA DeMARTINI *et al.*—(CELESTINA DeMARTINI, Appellant.)

*Opinion filed Nov. 19, 1943—Rehearing denied Jan. 13, 1944.*

McFarland, Morgan & Stearns, (G. A. Buresh, of counsel,) all of Chicago, for appellant.

Eugene D. Sullivan, and John J. Gorman, both of Chicago, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

The appellee, David DeMartini, filed his complaint in the superior court of Cook county against Giuseppe De-Martini, Rosa DeMartini, and the appellant, Celestina De-Martini, for the partition of the real estate described in the complaint, of which he claimed to own an undivided one-half interest by virtue of a sheriff's deed. Appellant answered denying the plaintiff's title, and claiming title to the whole property. The cause was referred to a master, who made a report finding that David DeMartini and Celestina DeMartini were each the owner of an undivided one-half interest in the property. The chancellor over-ruled exceptions to this report and entered a decree for partition, from which Celestina DeMartini has appealed.

There is no controversy as to any of the facts in the case. The transactions between the different parties to

this litigation, set out in their chronological order, are substantially as follows:

On June 16, 1923, the defendants Giuseppe DeMartini and Rosa DeMartini, his wife, became owners in joint tenancy of the real estate described in the complaint. On March 31, 1932, they conveyed the real estate by warranty deed to Joseph B. Giunta, who instantly reconveyed the same by warranty deed to the defendant Rosa DeMartini. On January 16, 1936, the plaintiff filed suit in the circuit court of Cook county against Giuseppe DeMartini and Rosa DeMartini to have the deeds of March 31, 1932, set aside as fraudulently executed and to have judgment entered against them in his favor on a note for $3000. On March 30, 1939, appellant, Celestina DeMartini, caused judgment in the sum of $2118.97 to be confessed in the superior court of Cook county on a note executed by the defendants Giuseppe DeMartini and Rosa DeMartini. On April 14, 1939, a decree was entered in favor of the plaintiff in the circuit court case, finding that the aforesaid deeds of March 31, 1932, were fraudulent and void as to the plaintiff and setting the same aside as to him. On May 12, 1939, an appeal in this case was taken by the defendant Rosa DeMartini. On February 23, 1940, the decree of the circuit court was affirmed by the Appellate Court, and leave to appeal to this court was denied at our June term in 1940. In the meantime an execution was issued on the judgment of Celestina DeMartini and on August 1, 1939, the sheriff sold all the right, title and interest of the defendant Giuseppe DeMartini, in said real estate, to the appellant, Celestina DeMartini, for the sum of $3261.69, but no sale was made of the interest of Rosa DeMartini, who held the record title to all of said real estate subject to the plaintiff's decree of April 14, 1939. The sheriff, from the proceeds of the sale, paid to the defendant Giuseppe DeMartini the sum of $1000, this being, according to the allegation in appellant's

answer in the instant case, in "extinguishment of his homestead rights." On November 1, 1940, the defendants Giuseppe DeMartini and Rosa DeMartini conveyed to the appellant, Celestina DeMartini, by quitclaim deed, with the release and waiver of the right of homestead, all their interest in the real estate herein. On November 7, 1940, the sheriff issued his deed to the appellant, Celestina De-Martini, pursuant to his sale of the interest of Giuseppe DeMartini on August 1, 1939. On January 7, 1941, the sheriff sold all the right, title, and interest of the defendant Giuseppe DeMartini, in said real estate, to the plaintiff for $3200, and on April 18, 1942, issued his sheriff's deed to the plaintiff pursuant to such sale. The defendants Giuseppe DeMartini and Rosa DeMartini have resided on said premises since June, 1923. Appellant, Celestina DeMartini, has never resided thereon.

Appellant bases her alleged ownership of the undivided one-half interest originally belonging to Giuseppe DeMartini upon the priority of her judgment in point of time over that of appellee. She says that her judgment was a first lien, and that the sheriff's sale and deed thereunder disposed of all the interest of Giuseppe DeMartini in said premises, leaving nothing for the sheriff to sell on January 7, 1941, under the execution issued on the later judgment of appellee, and the deed of the sheriff to appellee consequently conveyed nothing. She says further that as there is no proof in the record of the value of the premises at any time, and there being no presumption that homestead premises are worth in excess of $1000, appellee has not established that he became entitled to any interest therein by virtue of his sheriff's deed; that the premises being the homestead of Giuseppe DeMartini and Rosa De-Martini, they had the right to convey the same, and their grantee took free and clear of all claims of creditors. Appellant's final contention is that in any event, appellee by his sheriff's deed would take only an undivided one-half

interest in said premises over and above the homestead estate and appellant would be entitled to the homestead estate of $1000 and an undivided one-half in the excess.

Consideration of some general principles which have become fully established by the decisions of this court will serve to pave the way to a clear understanding of the rights of the parties in relation to the various transactions and the effect of those transactions upon their respective rights. First, it is the settled law of this State that a judgment is not a lien on real estate which the judgment debtor, before the rendition of the judgment, had conveyed away to defraud his creditors, the doctrine being that as between parties to it the conveyance is valid and binding and no interest, legal or equitable, remains in the grantor upon which the lien can rest. This doctrine has been affirmed again and again by this court. (*Union National Bank* v. *Lane,* 177 Ill. 171; *Davidson* v. *Burke,* 143 Ill. 139; *Rappleye* v. *International Bank,* 93 Ill. 396; *Hallorn* v. *Trum,* 125 Ill. 247.) Where a debtor has fraudulently conveyed his real estate he is not in any sense the owner of such real estate, and has no title which he can assert either at law or in equity. (*Illinois State Trust Co.* v. *Jones,* 351 Ill. 498.) It follows then logically and necessarily that judgment creditors have no lien, by virtue of their judgment alone, upon lands fraudulently conveyed by the debtor prior to the rendition of their judgments, and no importance is to be attached to the fact that one was rendered prior to the rendition of the other. The legal title having passed from the judgment debtor before the rendition of either judgment, the judgments do not become liens on the land conveyed in the order of their rendition; and in order, therefore, to determine the priority of liens between two contesting creditors, the court must look to the proceedings in equity instituted by them to remove the fraudulent conveyance and subject the lands to the satisfaction of their judgments. (*Hallorn* v. *Trum,*

125 Ill. 247.) This court has never held that the act of the creditor in causing property alleged to have been fraudulently conveyed to be levied upon and sold on execution against the fraudulent grantor, wholly *ex parte* and non-judicial in its nature, operates *ipso facto* to cancel the alleged fraudulent conveyance and vest the absolute title to the property in the party acquiring a deed as purchaser at the sale. The authorities cited by appellant on this point do not sustain her contention, but the result of the decisions cited is that the judgment creditor may bring an action to set aside the alleged fraudulent conveyance before sale on execution and sheriff's deed issued thereunder, or he may make the sale and obtain the .deed and then bring the action. (*Willard* v. *Masterson,* 160 Ill. 443; *Gould* v. *Steinberg,* 84 Ill. 170; *Phillips* v. *Kesterson,* 154 Ill. 572.) This disposes, adversely to appellant, of her contention that her judgment was a prior lien and that by the sale and sheriff's deed thereunder she acquired the interest of Giuseppe DeMartini in said premises.

Secondly, it is well established that a transfer of property fraudulent and void as to creditors is nevertheless valid as between the parties thereto. (*Illinois Trust Co.* v. *Jones,* 351 Ill. 498; *Rosenbaum* v. *Huebner,* 277 Ill. 360.) A conveyance of this sort is void only as against creditors, and then only to the extent to which it may be necessary to deal with the conveyed estate for their satisfaction. To this extent and to this only, it is treated as if it had not been made. To every other purpose it is good. Satisfy the creditors, and the conveyance stands. (*Campbell* v. *Whitson,* 68 Ill. 240; *People ex rel. Scholes* v. *Keithley,* 225 Ill. 30; *Stierlin* v. *Teschemacher,* 91 A. L. R. 121; *Beevans* v. *Groff,* 108 A. L. R. 694.) The conveyance of March 31, 1932, by Giuseppe DeMartini to his wife, Rosa, through the intermediary, Giunta, was, as between them, perfectly valid. As against the grantor, Giuseppe DeMartini, the property thus became hers. The

decree of the circuit court which set aside this convey-
ance at the suit of the plaintiff did not invalidate the con-
veyance as to them, but only as to the plaintiff, David
DeMartini. The property did not thereby again become
that of the husband, Giuseppe DeMartini, but was merely
made subject to be applied to the payment of plaintiff's
judgment to the same extent as it might have been had it
remained the property of the judgment debtor. Were it
otherwise the circuit court decree would be awarding to
Giuseppe DeMartini relief which he did not seek and
which equity will not interpose to obtain for him. *Illinois
Trust Co.* v. *Jones,* 351 Ill. 498; *Rosenbaum* v. *Huebner,*
277 Ill. 360.

Prior to the conveyance by Giuseppe DeMartini to his
wife, Rosa, they were the owners in joint tenancy of said
premises; and the property being occupied by them as a
residence, an estate of homestead was vested in Giuseppe
DeMartini, the husband. (*Johnson* v. *Muntz,* 364 Ill.
482.) Paragraph 9 of the Exemptions Act provides that
the homestead estate, to the extent in value of $1000, shall
be exempt from attachment, judgment, levy or execution
sale for the payment of the debts of the householder in
whom such estate is vested. Paragraph 6 of the act pro-
vides that when a homestead is conveyed by the owner
thereof, such conveyance shall not subject the premises
to any lien or incumbrance to which it would not have
been subject in the hands of such owner. We have held
that the debtor's homestead, to the extent of $1000 in
value, is exempt from levy and forced sale, and that no
conveyance of property exempt from execution can be
considered fraudulent as against a creditor. *Leupold* v.
*Krause,* 95 Ill. 440.

This brings us next to consider whether the defendant,
Giuseppe DeMartini, after the conveyance to his wife,
which stripped him of his title, inasmuch as he continued
residing on the premises with his wife, as his family, of

which he was the head, continued to be the "householder having a family" designated by the statute as entitled to an estate of homestead. As we recently pointed out in the case of *Johnson* v. *Muntz,* 364 Ill. 482, if the husband is living and residing with his wife on premises owned by them, either as joint tenants or tenants in common, the homestead estate is vested in the husband alone. Previous statements to the effect that in such cases they are jointly seized of an estate of homestead were by us in that case condemned as inaccurate, it being the right of occupancy and not the estate of homestead which is jointly vested in the husband and wife. The right of homestead being by our present statute enlarged into an estate, it follows that like all other estates, it can have no separate existence apart from the title on which it depends. We have held that the estate of homestead created by the statute is based upon the title of the householder, and can have no separate existence independently of the title, which constitutes one of its essential elements, and from which it is inseparable. (*Kitterlin* v. *Milwaukee Mechanic's Ins. Co.* 134 Ill. 647; *Browning* v. *Harris,* 99 Ill. 456; *Tink* v. *Walker,* 148 Ill. 234.) In none of the cases holding that the husband, as head of the family, is the householder contemplated by the statute in whom the homestead vests, does it appear that the husband owned no interest in the title. The statute does not require the householder to be the head of the family, but simply that such householder shall have a family in order to be entitled to an estate of homestead. (*Zander* v. *Scott,* 165 Ill. 51; *McNichols* v. *McNichols,* 299 Ill. 362.) It has been expressly held by this court that a wife, though living with her husband, may be the householder in whom is vested, under the statute, the homestead estate. (*Zander* v. *Scott,* 165 Ill. 51.) The defendant, Giuseppe DeMartini, thus owning no interest in the title and no homestead estate at the time of the sale under appellant's judgment and the issuing of

the sheriff's deed to her, and no suit ever having been instituted by appellant to have his conveyance of his interest in the premises declared void as to her, she acquired nothing whatever under said sheriff's deed. The only interest which she can claim in said premises is that which she acquired by virtue of the quitclaim deed of November 1, 1940, from the defendants, Giuseppe DeMartini and Rosa DeMartini. This conveyed to her the fee in the entire property, with the release and waiver of all homestead rights; the undivided one-half of said premises formerly owned by Giuseppe DeMartini being subject, however, to the lien of appellee's judgment. This was the state of the title at the time of the sheriff's sale to appellee on January 7, 1941. That sale and the sheriff's deed issued thereunder were effective to convey the said undivided one-half above mentioned formerly owned by Giuseppe De-Martini, which was subject to the lien of appellee's judgment. It was not necessary to appellee's title that he have homestead assigned or that the sheriff proceed as directed by the Exemptions Act when holding an execution against a householder owning an estate of homestead. The judgment debtor, Giuseppe DeMartini, owned no estate of homestead, and appellee was seeking neither the sale nor the extinguishment of any homestead estate. Neither was the judgment debtor's wife, Rosa DeMartini, the owner of an estate of homestead, because prior thereto, on November 1, 1940, she and her husband had, by quitclaim deed in the form declared by statute to be construed as releasing or waiving the right of homestead, (Ill. Rev. Stat. 1941, chap. 30, par. 26,) conveyed the premises involved herein to the appellant, Celestina DeMartini. The effect of this deed upon all the parties to the present suit was the extinguishment of the homestead right and not its continuance as an existing estate vested in appellant. The effect of this quitclaim deed as between appellant and any creditors of the defendant, Rosa DeMartini, is not

before us, and a discussion of that aspect of the deed is unnecessary.

Our conclusion, therefore, is that the trial court was correct in deciding that none of the defendants had a right of homestead in the premises described in the complaint, that appellant and appellee are each the owner of an undivided one-half interest in said real estate as tenants in common, and that appellee is entitled to partition of said premises.

It is contended by appellant that the lower court was in error in decreeing that the costs be taxed against the property. There is no technical rule governing the exact apportionment of costs in such cases. The court is required to equitably apportion the costs and we cannot say the trial court abused its discretion.

For the reasons we have indicated, the decree of the superior court is affirmed.

*Decree affirmed.*