## Longpré, Recurrente, v. El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, inscribiendo con defectos subsanables una escritura de compraventa.

No. 297.—Resuelto en marzo 13, 1917.

Sociedad de Gananciales—Compra a Título Oneroso—Presunción de Bienes Gananciales.—Cuando de una escritura de compraventa de bienes inmuebles adquiridos por cualquiera de los cónyuges a título oneroso no aparece que lo sea con dinero procedente de sus bienes propios, tienen la presunción de que lo han sido a costa del caudal común y, por tanto, se reputan gananciales y comprados con bienes de la sociedad.

Id.—Compra por la Esposa de Bienes Inmuebles con Dinero de la Sociedad—Consentimiento del Marido—Defecto Subsanable.—Una mujer casada no puede comprar por sí un bien inmueble con dinero de la sociedad conyugal, a menos que el marido, que es el administrador legal de la sociedad, preste su consentimiento para la compra; constituyendo defecto subsanable del título la falta de dicho consentimiento en el otorgamiento de la escritura de compra.

Inscripción de Edificios — Edificios — Origen de la Adquisición — Defecto Subsanable.—Si bien es cierto que el edificio es accesorio del suelo y pertenece al dueño de éste, que es lo principal, cuando se trata de inscribir un edificio, debe expresarse en la escritura el origen de la adquisición del mismo, la omisión de lo cual constituye sólo defecto subsanable.

Los hechos están expresados en la opinión.

Abogado de la recurrente: Sr. *Francisco Soto Gras.*

El registrador recurrido Sr. José S. Belaval compareció en nombre propio.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Por escritura pública otorgada el 14 de septiembre de 1916, María Longpré y Benítez, casada con Ramón Aboy Benítez, compró a Teresa Iglesias e Iglesias, viuda de Agrait, un solar con una casa edificada en el mismo, situado en el barrio de Puerta de Tierra de la ciudad de San Juan.

Presentada la escritura para su inscripción en el registro

de la propiedad, así lo hizo el registrador, pero con los defectos subsanables de no constar la aceptación de la compraventa por el esposo de la compradora y de no expresarse el título de adquisición de la casa.

El precepto del artículo 61 del Código Civil Español que rigió en esta isla, según el cual la mujer casada no podía sin licencia o poder de su marido adquirir por título oneroso ni lucrativo, enajenar sus bienes ni obligarse, sino en los casos y con las limitaciones establecidas por la ley, fué suprimido al publicarse el Código Civil Revisado el año 1902. Esta supresión origina la controversia entre las partes de este recurso respecto a si la mujer casada puede ahora comprar bienes inmuebles para la sociedad conyugal sin necesidad del consentimiento del esposo toda vez que el registrador recurrido estimó que la falta de tal consentimiento constituye un defecto subsanable. En ambos códigos los bienes adquiridos por cualquiera de los cónyuges a título oneroso a costa del caudal común son bienes gananciales siendo privativos de cualquiera de ellos los adquiridos con dinero procedente de sus bienes propios, y toda vez que esto no aparece de la escritura en cuestión, la finca que compró la mujer tiene la presunción de ser ganancial y por tanto comprada con bienes de la sociedad.

Además de la prohibición que se consignaba en el artículo 61 citado, que ha sido suprimido, disponía también el artículo 59 que el marido es el administrador de la sociedad conyugal; el 62 que las compras de joyas, muebles y otros objetos preciosos hechas por la mujer sin licencia de su marido sólo se convalidarían cuando éste le hubiera consentido el uso y disfrute de tales objetos; el 1412 repetía que el marido es el administrador de la sociedad de gananciales y el 1416 declaraba que la mujer no podía obligar los bienes de tal sociedad sin consentimiento del marido. Este último artículo no existe en nuestro código actual pero sí el 1416 con el número 1327; el artículo 62 también ha sido suprimido pero su contenido ha sido incluído sustancialmente en el 159, el que después de consignar, como el anterior 59, que el marido es el administrador

de dichos bienes, agrega que las compras que con ellos haga la mujer serán válidas, cuando se refieran a cosas destinadas al uso de la familia, de acuerdo con la posición social de ésta.

Expuesto lo que precede veamos ahora si la recurrente necesita el consentimiento del marido, administrador de los bienes de la sociedad conyugal, para comprar con ellos, en cuyo caso tendría razón el registrador al consignar la ausencia de tal consentimiento como defecto que debe ser subsanado.

Según hemos visto, el código vigente después de declarar que el marido es el administrador de los bienes de la sociedad de gananciales del matrimonio reconoce validez a las compras que con ellos haga la esposa cuando se refieran a cosas destinadas al uso de la familia, de acuerdo con la posición social de ésta, de donde hay que deducir necesariamente que las compras que no sean de esa naturaleza no son válidas, de acuerdo con la regla de derecho *expressio unius est exclussio alterius,* pues sostener lo contrario, decir que la mujer puede comprar con bienes gananciales cosas que no son para el uso de la familia, es borrar ese precepto del código y, contra su disposición, dar validez a cualquiera compra que haga cuando la ley solo la reconoce en ese caso. La validez que en ese único caso da la ley a las compras hechas por la mujer casada, es la sola excepción a los derechos que al marido reconoce como administrador de dichos bienes, llamado por ella a emplear los bienes gananciales y sin cuyo consentimiento no puede comprar con ellos la mujer. Y no cabe decir que la supresión de los artículos 61 y 1416 del anterior código borró la necesidad de ese consentimiento porque el 159 del actual sólo le permite a la mujer emplear tales bienes en el único caso que menciona. La falta de capacidad en la mujer para emplear los bienes gananciales, a menos que su marido consienta, es consecuencia del carácter del administrador que la ley le reconocía y le reconoce y no provenía de la prohibición consignada en el artículo 61 suprimido que se refería a la incapacidad para contratar aún con sus bienes privativos sin permiso de su marido, prohibición que ahora no tiene la mujer en cuanto a

éstos.    Corrobora nuestra opinión que el artículo 161 del actual código permite a la mujer contratar por sí y comparecer en juicio para lo que se refiera a la defensa de sus derechos o de sus bienes propios, lo que demuestra que no puede contratar por sí cuando no es con bienes propios, como no lo son los gananciales.

En vista de lo que hemos expuesto la mujer en este caso no podía comprar por sí un bien inmueble con bienes de la sociedad de gananciales, y como el marido, administrador legal de ellos no prestó su consentimiento a tal compra, procedió correctamente el registrador al consignar como defecto subsanable del título la falta de ese consentimiento ya que puede ser subsanado.

En el caso de *Giménez* v. *El Registrador,* 21 D. P. R. 329, que el recurrente cita en apoyo de su pretensión de que revoquemos la calificación hecha por el registrador, no se le dió gran consideración a esta cuestión porque fué principalmente otro el motivo que se tuvo en cuenta al resolverlo.

En cuanto al segundo defecto consignado por el registrador entendemos que también es sostenible porque si bien es cierto que el edificio es accesorio del suelo y pertenece al dueño de éste, que es lo principal, cuando se trata de inscribir un edificio, debe expresarse en la escritura el origen de la adquisición.

La nota recurrida debe ser confirmada.

> *Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado del Toro.

El Juez Asociado Sr. Wolf firmó "conforme con la sentencia."

El Juez Asociado Sr. Hutchison disintió.