## F. Carrera y Hermano, recurrente, v. Registrador de la Propiedad de San Germán, recurrido.

No. 663.—*Sometido:* Enero 14, 1927.   *Resuelto:* Febrero 25, 1927.

1. Hogar Seguro *(Homestead)*—Protección y Efectividad *(Enforcement)* del Derecho—Procedimientos Judiciales que Envuelven la Cuestión del "Homestead"—En General.—En procedimiento judicial que envuelve la cuestión del *homestead*, el deudor debe demostrar que es jefe de familia antes de que pueda obtener el beneficio de la reclamación del *homestead*.

2. Ejecución—Venta—Traspaso al Comprador—Inscripción de la Escritura de Venta Otorgada—Venta en Procedimientos que Envuelven la Cuestión del "Homestead".—Efectuada venta judicial procede inscribir la escritura a favor del comprador cuando de los documentos todos presentados al registro no aparece que se hiciera reclamación del *homestead* antes de efectuarse tal venta y de entregarse la propiedad al comprador.

3. Hogar Seguro *(Homestead)*—Protección y Efectividad *(Enforcement)* del Derecho—Necesidad de que se Haga la Reclamación de Exención.—De acuerdo con la sección 4 de la Ley del *Homestead* (Comp. 1003) cuando se embarga y vende propiedad de un demandado, el márshal no está obligado a hacer una exención de $500 a beneficio de aquél a menos que dicho demandado haga la reclamación de exención.

Nota de *Luis Capó Matres*, R. (San Germán), denegando inscripción de venta judicial. *Revocada.*

*Nazario & García Méndez*, abogados del recurrente; *El Registrador* compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Hay algunas cuestiones subsidiarias, pero la principal cuestión envuelta en esta apelación es si al embargar y vender la propiedad de un demandado, el márshal está obligado a hacer una exención de $500 a beneficio del demandado, de acuerdo con la Ley del "Homestead" (hogares seguros) que dispone en sus secciones primera y cuarta lo siguiente:

"Sección 1.   Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead*, hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia,

exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose,* que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba al dueño o propietario de dicha estancia, plantación o predio de .terreno, y de los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo.''

''Sección 4.   Que no se hará venta alguna, por virtud de sentencia o ejecución, de ninguna estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, cuando se reclamare u ocupare dicha finca como *homestead,* a menos que se obtenga por ella una suma mayor de quinientos dollars ($500).   En caso que dicha estancia, plantación o predio de terreno y los edificios en el mismo, se vendieren por más de quinientos dollars, el excedente sobre la suma últimamente citada, se pagará al acreedor y la suma de $500 se pagará al deudor, y estará libre de ejecución en virtud de sentencia o decreto por un período de treinta días; *Disponiéndose,* que esta sección no será de aplicación a ninguna venta que se haga para obligar al pago de contribuciones. que adeude dicha propiedad, o a la deuda o gravamen incurrido para (por) la compra de la misma, o para las mejoras que en ella se hicieren, o cuando se hiciere dicha venta en virtud de traspaso en que se haga renuncia de la exención que dispone la sección 3 .de esta ley.''   (Compilación de 1911, págs. 230 y 231, secciones 1000 y 1003.)

La sección 1 presupone que el deudor es padre de familia, y, como puede verse, la sección 4 usa las palabras ''cuando se reclamare u ocupare dicha finca como *homestead.''*  La teoría del apelante era que no había nada en los documentos presentados al registrador que demostrara que la propiedad fuera ''ocupada como *homestead,''* o que el demandado la ''reclamara'' como tal, o que el deudor fuera en realidad jefe de familia.

Quizás si uno pudiera imaginarse un caso .en que se vendiera una propiedad sin reserva del *homestead,* cuando éste se reclama en debida forma, entonces no estaríamos de

acuerdo con el recurrente en que para los fines del registro, la escritura de compraventa presentada tendría que demostrar que el deudor era jefe de familia.

[1, 2] En un procedimiento judicial que envuelve la cuestión del *homestead,* el deudor debe demostrar que es el jefe de la familia antes de que en realidad pueda obtener el beneficio de la reclamación del *homestead.* Sin embargo, cuando se efectúa una venta estando pendiente una reclamación del *homestead,* el registrador no debe inscribir dicha venta, a menos que los documentos presentados demuestren que la cuestión de que el que solicita la exención es jefe de familia fuera resuelta contra el deudor o abandonada por éste. El registro debe mostrar certeza cuando se trata de una contienda litigiosa de hechos. El comprador en una venta en pública subasta en la cual hay una reclamación del *homestead* tomará la propiedad sujeto a tal reclamación, hasta que ésta sea resuelta por la corte.

Sin embargo, la situación es enteramente distinta cuando como en el presente caso, todos los documentos se le presentan al registrador y de ellos no aparece que se hiciera reclamación alguna del *homestead* antes de efectuarse tal venta y de entregarse la propiedad al comprador. Los autos de la corte municipal, junto con los procedimientos seguidos por el márshal, excluyen la idea de que en momento alguno se hiciera la reclamación de dicha exención. La máxima *"de non apparentibus et de non existentibus eadem est ratio"* es aplicable cuando los autos no demuestran que en realidad se presentara una reclamación o que se levantara una cuestión. Sucede lo contrario cuando se hace una reclamación y queda por determinar una contienda litigiosa de hechos, según hemos indicado.

[3] Ciertas obligaciones, una inmensa mayoría de ellas, surgen en derecho por las meras relaciones humanas o por las transacciones de las partes, sin ningún otro acto volitivo de ellas, como sucede con ciertos contratos o actos tortice-

ros. Hay, sin embargo, un campo amplio dentro del cual una persona tiene que dar algún paso antes de que surja una obligación. En algunos casos es necesario el requerimiento, en otros, el cumplimiento del contrato o un acto de elección deben tener lugar, y en otros, como en el presente, debe hacerse una reclamación. De acuerdo con la sección 4, *supra,* debe hacerse la reclamación de exención. *Riggs* v. *Sterling,* 60 Mich. 643, 27 N. W. 705, 1 A. S. R. 554; 13 R.C.L. 656; 29 C. J. 970, *et seq.*

Convenimos con el recurrente en que el hecho de que el deudor fuera casado aparece suficientemente de la demanda y de los demás procedimientos en la corte municipal.

El registrador también se negó a inscribir dos casas que aparecían en la escritura de compraventa como pertenecientes al deudor original. La teoría era, a nuestro entender, que el récord no demostraba que estas dos casas estuviesen enclavadas sobre la propiedad. Sin embargo, creemos, de acuerdo con el recurrente, que la regla de que lo accesorio sigue a lo principal, es aplicable.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*