SANTIAGO COLÓN SUÁREZ, demandante y apelado, *v.* PEDRO PABLO GIORGI, demandado y apelante.

No. 4399.—*Visto:* Mayo 9, 1928. *Resuelto:* Junio 11, 1928.

*Felipe Colón Díaz,* abogado del apelante; *Pérez Marchand & Suliveres,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Santiago Colón Suárez demandó a Pedro Pablo Giorgi en la Corte Municipal de Ponce en cobro de trescientos diez dólares y obtuvo sentencia favorable. No conforme el demandado apeló para ante la corte de distrito y dicha corte, celebrado el juicio de nuevo, dictó también sentencia favorable al demandante. Para ejecutarla se vendieron en pública subasta un solar y una casa enclavada en el mismo perteneciente al demandado.

Así las cosas, el demandado Giorgi presentó una moción en la corte municipal alegando que el solar y la casa vendidos cuyo valor ascendía a $736, estaban ocupados por él como su hogar seguro y en tal virtud pedía que se le reconociera en ellos el derecho de *homestead* fijado por la ley en $500. Se opuso el demandante Colón, que fué también el comprador, y la corte municipal declaró sin lugar la reclamación. Apeló el reclamante para ante la corte de distrito que llegó a la misma conclusión que la corte municipal. Y ahora apela para ante esta Corte Suprema.

La corte de distrito declaró probados los siguientes hechos:

"Resulta probado de la evidencia practicada en este caso, que el solar y la casa en cuestión, fueron vendidos por el demandado Giorgi al demandante Colón Suárez, con pacto de retro, por escritura de 12 de marzo de 1921, otorgada ante el notario M. Alberto Salicrup; que al efectuarse este contrato la casa que está ahora en el solar, estaba entonces en un solar de don José Romaguera, en la calle del Peligro, número 106, barrio quinto de esta ciudad; que esta casa fué trasladada posteriormente por el demandado al solar vendido en el barrio Machuelo Abajo, de Ponce; que al efectuarse

el referido contrato de venta con pacto de retroventa, el demandado Giorgi vivía en una casa en el barrio Canas, de Ponce.

     ❊       ❊       ❊       ❊       ❊       ❊       ❊

"En 12 de mayo de 1921, cuando se realizó el contrato de venta con retroventa, que debe considerarse como un contrato de hipoteca de acuerdo con la ley de 13 de abril de 1916 el reclamante vivía en el barrio Canas, y no tenía su hogar constituido en la finca sobre la cual trata que se le reconozca su *homestead*. Tampoco formaba parte de la finca la casa que más tarde fué trasladada al solar por Giorgi y donde actualmente vive con su familia."

El apelante alega que la prueba fué erróneamente apreciada. La hemos examinado y creemos que sostiene la conclusión de la corte sentenciadora. Es más, creemos que no obstante la diferencia de fechas de los documentos presentados, la prueba demuestra también que es cierto lo dicho por el demandante y apelado Colón al declarar como testigo, a saber: que el dinero que en 1921 prestara al demandado y apelante Giorgi lo fué para comprar la casa que luego Giorgi trasladó al solar que previamente había adquirido, sólo que para poder aparecer vendiendo con pacto de retro—hipotecando de hecho—la casa y el solar tenía que aparecer primero comprando la casa. La confusión se debe a la censurable costumbre de hacer aparecer como ventas contratos de préstamo, vicio que tendió a corregir y ha corregido en gran parte la Ley No. 47 de 1916, Leyes de 1916, p. 103.

Fijados los hechos, la aplicación del derecho es fácil.

█ De acuerdo con la ley y la jurisprudencia, sólo puede reclamarse el hogar seguro cuando queda constituido con anterioridad al gravamen impuesto por su propietario.

"Que todo jefe de familia, tendrá derecho a una finca de *homestead,* hasta el valor de quinientos dólares en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezcan o que posea legalmente, en virtud de arrendamiento o en otra forma y estuviere ocupado por él o ella como su residencia. . . ." dice la ley de Puerto Rico sobre la materia, (Comp. 1911, p. 230), y la jurisprudencia establece:

"Cuando se exige que la finca esté ocupada para que surja el derecho de hogar seguro, no puede alegarse la exención si la propiedad no está siendo materialmente usada como residencia en el momento del embargo; y es obvio que la regla general expresada anteriormente será aplicable cuando se trata de alegar tal exención contra sentencias, hipotecas y otros gravámenes, o aún contra reclamaciones generales existentes con anterioridad al momento en que se ocupó la propiedad para los fines del hogar seguro." 29 C. J. 861.

"Por regla general, las leyes sobre exención deben ser interpretadas en relación con el estado de cosas existentes al tiempo de trabarse el embargo, o al tiempo en que surgió el gravamen; y si el derecho no existe en ese momento, no puede ser creado por ningún acto posterior del deudor. Así, cuando la propiedad no tiene el carácter de hogar seguro al tiempo de surgir el gravamen, el hecho de que después llegara a tenerlo no priva al reclamante del gravamen de su derecho." 13 R.C.L. 601.

El caso de *Dávila* v. *Sotomayor,* 35 D.P.R. 794 que invoca el apelante, no es contrario a la anterior doctrina. En dicho caso los esposos Sotomayor-Pizarro tenían constituido en la finca en cuestión su hogar desde hacía unos treinta años y la gravaron después conociendo Dávila que los esposos vivían en ella con sus hijos.

Pero aunque existiera alguna duda sobre el particular, la sentencia dictada siempre se sostendría. Es evidente que sobre el solar no tenía Giorgi constituido su hogar seguro. Comenzó a vivir en él con su familia cuando a él trasladó su casa, la prueba demuestra que el dinero prestado por Colón a Giorgi se empleó por ésta en comprar la dicha casa y expresamente la ley dispone que la exención no será aplicable, refiriéndose a la finca, "a la deuda o gravamen incurrido para (por) la compra de la misma." Sec 4 de la ley, Comp. 1911, p. 231. Véase *Arroyo* v. *Corte de Distrito,* 38. D.P.R. 10.

*Por virtud de todo lo expuesto debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*