RAFAEL F. VEVE CARRILLO, demandante y apelante, *v.* EDWARD W. KEITH, demandado y apelado.

No. 6776.—*Sometido:* Abril 5, 1935.  *Resuelto:* Diciembre 16, 1935.

F. *García Veve*, abogado del apelante; E. *Martínez Rivera*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción iniciada ante la Corte Municipal de Río Piedras por el demandante Veve Carrillo para recobrar la suma de $500 por concepto de su derecho de *homestead* sobre una finca urbana que se describe en la demanda. Se alega que en 16 de abril de 1926 el demandante, por sí y como apoderado de su esposa, constituyó primera hipoteca sobre la referida finca a favor de Edward W. Keith como garantía de un préstamo que éste les hiciera por la cantidad de $10,000; que en 24 de agosto de 1930 Edward W. Keith promovió en la Corte de Distrito de San Juan demanda sobre ejecución de crédito hipotecario contra el demandante y su esposa; que en 25 de agosto del mismo año, el Juez de la Corte de Distrito de San Juan expidió orden de ejecución; que el secretario de dicha corte expidió mandamiento al márshal de la ya mencionada corte y que este mandamiento está pendiente de ejecución, sin que hasta la fecha la finca hipotecada haya sido vendida en pública subasta; que el demandante ha vivido y vive en la actualidad, en unión de su esposa e hijos, en la finca mencionada, teniéndola como su hogar seguro desde el año 1922; que siempre fué, ha sido y será el deseo del demandante conservar su hogar seguro sobre la antes descrita finca hasta el valor de $500 y que en ningún momento el demandante ha renunciado a favor del demandado ni a favor de ninguna otra persona su expresado derecho de *homestead*. Basado en estas alegaciones solicita el demandante que se dicte sentencia condenando al demandado a satisfacerle la suma de $500 por concepto de su derecho de *homestead* sobre la finca ameritada. En su contestación el demandado niega entre otras cosas que el demandante haya tenido o tenga derecho alguno al hogar seguro sobre la finca descrita en la demanda. Luego de celebrado el juicio en la Corte Municipal y antes de dictarse sentencia el demandante solicitó permiso para enmendar la demanda a fin de ajustarla a la prueba practicada, alegando la venta en pública subasta de la finca, su adjudicación al demandado Edward W. Keith, y el lanzamiento del demandante en virtud de or-

den judicial. Accedió la corte a lo solicitado, y habiendo pedido el demandado que se dejara sin efecto la resolución admitiendo la demanda enmendada, la corte así lo hizo, señalando día para la vista de la moción del demandante. La corte, después de oír a las partes, dictó la siguiente resolución:

"Vista la moción del demandante, solicitando permiso para enmendar su demanda y conformar las alegaciones a la prueba, la cual fué ampliamente discutida el día 17 de junio de 1933, por los abogados de las partes, y vistos también los alegatos presentados por éstos, estima que a la luz del artículo 136 y siguientes del Código de Enjuiciamiento Civil de Puerto Rico, y de la jurisprudencia sobre la materia, la parte demandante puede enmendar su demanda para conformar las alegaciones a la prueba, y así lo resuelve, y por la presente deja en toda su fuerza la demanda enmendada radicada por el demandante en 24 de mayo de 1933, conformando las alegaciones a la prueba, para que surta sus efectos legales."

La corte de distrito, en apelación, resolvió que la demanda original no aduce hechos suficientes para determinar una causa de acción y que la titulada demanda enmendada, que en realidad es una demanda complementaria, no puede admitirse porque en ella se alegan nuevos hechos que no existían al iniciarse el pleito y que son precisamente los que dan lugar a la causa de acción. La parte apelante alega que la corte cometió error al declarar que la demanda original no aduce hechos suficientes para constituir una causa de acción, y al sostener que no procedía la presentación de una demanda enmendada para ajustar las alegaciones a la prueba.

Nos explicamos las conclusiones de la corte inferior, dados los términos en que aparece redactada la demanda original. Sin embargo, a pesar de las deficiencias que se advierten en la redacción de dicho documento, y en la exposición de los hechos, creemos que de los mismos se deduce que el derecho del demandante a reclamar la exención de *homestead* había surgido ya, cuando inició la presente acción. En la demanda original se alega que en virtud de orden dictada por la corte se expidió mandamiento al márshal para ejecu-

tar la finca que se describe en la demanda, sin que hasta esa fecha dicha finca hubiese sido vendida en pública subasta. A nuestro juicio, desde el momento en que se decretó la venta de la finca en ejecución de sentencia surgió el derecho del demandante para reclamar su *homestead,* si es que en realidad tiene establecido su hogar seguro en la finca ameritada.

De acuerdo con el artículo 544 del Código Civil, ed. 1930, no se hará venta alguna por virtud de sentencia o ejecución, de ninguna estancia, plantación o predio de terreno y de los edificios contenidos en el mismo, cuando se reclamare u ocupare dicha finca como hogar seguro, a menos que se obtenga por ella una suma mayor de $500. En caso de que dicha estancia, plantación o predio de terreno y los edificios en el mismo se vendieren por más de $500, el excedente sobre la suma últimamente citada se pagará al acreedor, y la suma de $500 se pagará al deudor, y estará libre de ejecución en virtud de sentencia o decreto por un período de treinta días.

No tiene el dueño del hogar seguro que esperar a que se le despoje del mismo para ejercitar su derecho. El espíritu y la letra de la ley demandan la protección de este derecho y el medio más eficaz para protegerlo es alegarlo oportunamente, para que no se venda la finca donde radica su hogar seguro, si no excede de $500, o para que se le satisfaga su importe en caso de que el precio del inmueble al llevarse a cabo la venta exceda de la referida suma.

En el presente caso el demandante ha solicitado que se condene al demandado a satisfacerle la cantidad de $500 por concepto de hogar seguro, antes de haberse vendido la finca, pero después de decretada su ejecución. Para poder llegar a la conclusión de que el demandante tiene derecho a la suma de $500 necesariamente hay que decidir que tiene establecido su hogar seguro en la finca que se intenta ejecutar. Esta es la cuestión fundamental a resolver por el tribunal, a fin de proteger los derechos del demandante contra la venta decretada. Establecido el hogar seguro y declarada su existencia mediante prueba, surge. para el dueño el de-

recho de percibir, y para el acreedor ejecutante la obligación de pagar el importe del mismo al consumarse la venta judicialmente ordenada.

En estas razones nos basamos para sostener que en las alegaciones de la demanda existe un principio de causa de acción a favor del demandante y que de acuerdo con la jurisprudencia ha podido muy bien admitirse una demanda complementaria. A juzgar por la moción solicitando permiso para presentar una demanda enmendada y por la resolución de la corte municipal admitiendo dicha demanda, se ofreció prueba tendente a demostrar que la finca había sido ejecutada y que el demandante había sido lanzado de la misma, puesto que la corte admitió la titulada demanda enmendada para ajustar las alegaciones a la prueba. De modo que los hechos posteriormente ocurridos fueron objeto de prueba, con anterioridad a la admisión de las alegaciones últimamente radicadas por el demandante. Estos hechos en nada varían la cuestión originalmente planteada. El derecho al hogar seguro es el fundamento esencial de la demanda y la única variación consiste en haber introducido una nueva alegación, afirmando que la finca fué ejecutada y que el demandante fué lanzado de la misma.

De acuerdo con el artículo 134 del Código de Enjuiciamiento Civil, puede presentarse una demanda complementaria alegando hechos esenciales al caso ocurridos después de la demanda original. El hecho de que se le haya llamado enmienda no cambia el aspecto de la cuestión.

En el caso de *Wynnewood Cotton Oil Co.* v. *Moore,* 153 P. 633, 634, 636, se permitió al demandante enmendar su petición alegando que después de la institución de la demanda las partes habían sometido mediante convenio la cuestión en controversia a arbitraje, y que los árbitros, después de practicar la prueba, habían decidido que el demandado debía al demandante la suma de $969, emitiendo su laudo de acuerdo con la conclusión referida. Se alegó que la corte había incurrido en error al declarar sin lugar una moción para eli-

minar la demanda enmendada complementaria de las alegaciones y se arguyó que esta demanda complementaria introducía una causa de acción diferente. Resolviendo la cuestión planteada la Corte Suprema de Oklahoma se expresó así:

"Alguna controversia se ha suscitado entre los abogados con respecto a si se trata de una petición enmendada o una petición complementaria. Para nosotros se trata de una cuestión inmaterial, de una distinción sin diferencia. Si existe distinción en una cuestión puramente técnica nosotros nos inclinaríamos a decir que es ésta una enmienda a la petición, por la razón de que no establece una nueva causa de acción como se alega en el código, prohibiendo enmiendas que cambien o establezcan una nueva o diferente reclamación."

Más adelante dice la misma corte:

"Si la alegación objetada debe ser tratada como una enmienda o como una petición complementaria, o si debe ser gobernada por los estatutos de Oklahoma o Arkansas con respecto a enmiendas a las alegaciones, los hechos establecidos en la enmienda a la petición no constituyen una desviación sustancial de las cuestiones establecidas en la demanda original. En ambos casos el demandante trató de recobrar, basado en la misma reclamación; la única diferencia está en que en la petición enmendada o complementaria, el demandante intenta demostrar que el montante de su reclamación contra el demandado ha sido fijado por arbitraje después de haber comenzado la demanda. El único posible efecto que esta enmienda pudo haber tenido es el que descansa sobre el testimonio necesario para establecer la reclamación. Pero en modo alguno cambia la causa de acción o la naturaleza de la reclamación del demandante contra el demandado. Él debe recobrar en ambos casos si es que tiene derecho a ello en su demanda por daños y perjuicios por no haberle facilitado alimentos para su ganado."

Como ya hemos dicho anteriormente, el derecho del demandante, si lo tiene, arranca de la alegación de tener establecido su hogar seguro. Las nuevas alegaciones introducidas en la demanda no pueden ocasionar perjuicio al demandado. Si se practicó prueba sobre ellas ante la Corte Municipal, bien pudo haberla rebatido. En la apelación ante la corte de distrito, donde tendrá lugar un juicio *de novo,* la parte demandada estará en condiciones de negar y con-

tradecir mediante prueba los nuevos hechos alegados. La controversia ha sido planteada por las alegaciones de ambas partes: el demandante alegando que tiene establecido su hogar seguro, y el demandado negando la existencia del mismo. Si el demandante prueba sus alegaciones, si demuestra que ha sido lanzado por el demandado de la finca, éste tiene el deber de satisfacer el importe de dicho hogar seguro. Dada la naturaleza de este litigio, y en vista de que las nuevas alegaciones no pueden perjudicar a la parte demandada, creemos que no debemos obligar al demandante a establecer una nueva acción ante la corte municipal, anulando todo lo actuado, para volver a trillar el camino ya andado, reproduciendo las mismas alegaciones y practicando la misma prueba.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior, para procedimientos ulteriores no incompatibles con los términos de esta opinión.*

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SEÑOR HUTCHISON

Veve Carrillo instituyó esta acción ante una corte municipal con el objeto de recobrar la suma de $500 como su exención de hogar seguro. Alegó: que Keith, acreedor hipotecario, había iniciado un procedimiento ejecutivo sumario; que el juez de distrito con fecha 25 de agosto de 1930 había librado una orden de ejecución; que el secretario había expedido un mandamiento al márshal, el cual mandamiento, según información y creencia del demandante, estaba pendiente de ejecución, sin que hasta la fecha de la radicación de la demanda se hubiera efectuado venta alguna de la propiedad. Después del juicio, el juez municipal permitió a Veve Carrillo enmendar su demanda para ajustarla a la prueba. En la demanda enmendada alegó: que con fecha 13 de diciembre de 1930 el secretario de la corte de distrito expidió mandamiento al márshal, que fué debidamente diligenciado por éste; que dicho márshal, previa orden de ejecución y venta en pública subasta de fecha 27 de enero de 1931, debidamente complimentada, celebró subasta pública el día 16

de marzo de 1931, de la finca descrita en el hecho cuarto de la demanda, adjudicando la misma a Keith por la suma de $8,000; y que él, Veve Carrillo, fué lanzado de la referida finca por orden de la corte de distrito de 20 de julio de 1931 librada en un recurso de *injunction* seguido por él contra Keith y Manuel Náter Girona, márshal de la corte de distrito. La corte municipal entonces dictó sentencia a favor del demandante.

En la corte de distrito el apelante, aquí apelado, solicitó la eliminación de la demanda enmendada fundándose, entre otras cosas, en que ésta aducía nuevos hechos no contenidos en la demanda original y en que difería de la demanda original por alegar una nueva causa de acción; por todo lo cual la demanda original, a juicio del apelante, aquí apelado, no aducía causa de acción. Antes de entrar a juicio, la corte municipal declaró sin lugar una excepción previa de falta de hechos suficientes para determinar una causa de acción.

El juez de distrito resolvió: que la demanda original no aducía hechos suficientes para determinar una causa de acción porque el demandante, mientras ocupaba la finca como su hogar seguro y con anterioridad a su lanzamiento de la misma, no tenía derecho a recobrar del demandado la suma de $500, importe de la exención de hogar seguro; que la supuesta demanda enmendada era técnicamente una demanda complementaria y así debía considerársele; y que toda vez que la causa de acción del demandante surgió después de radicarse la demanda original y no existía al tiempo de iniciarse el recurso, nada había en que basar una demanda complementaria y la demanda original no era susceptible de enmienda. Entonces declaró la demanda sin lugar.

La sentencia declarando sin lugar la demanda y la opinión del juez de distrito en que resolvió la cuestión de derecho arriba mencionada llevan la misma fecha, y el demandante no tuvo oportunidad para enmendar.

La sección 3 de la "Ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles",

aprobada el 11 de marzo de 1908 (Código de Enjuiciamiento Civil, edición de 1933, pág. 136), lee en parte como sigue:

" . . . Al anunciarse la vista de la apelación el tribunal, a instancia del apelante, revisará y tomará en consideración cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado. Resueltas que fueren estas cuestiones, se procederá a la vista de la causa, a menos que la corte estimare que la demanda o contestación está sujeta a excepción previa, y en tal caso, la corte, a su arbitrio, podrá permitir que se enmiende dicha demanda o contestación . . . "

La sección 4 de la ley de hogar seguro (artículo 544 del Código Civil, edición de 1930) lee en parte así:

"No se hará venta alguna, por virtud de sentencia o ejecución, de ninguna estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, cuando se reclamare u ocupare dicha finca como hogar seguro, a menos que se obtenga por ella una suma mayor de quinientos dólares. En caso que dicha estancia, plantación o predio de terreno y los edificios en el mismo, se vendieren por más de quinientos dóalres, el excedente sobre la suma últimamente citada, se pagará al acreedor; y la suma de quinientos dólares se pagará al deudor, y estará libre de ejecución en virtud de sentencia o decreto por un período de treinta días."

Esta disposición no crea ninguna obligación estatutaria de parte del demandante en un procedimiento ejecutivo de pagar, como condición previa a la subasta de los bienes hipotecados, la suma de $500 o cualquiera otra suma cierta o fácilmente determinable. El demandante intituló su acción "Reclamación de *homestead*". Alegó en su demanda que el demandado le adeudaba el valor del derecho de hogar seguro, es decir, la suma de $500, cantidad que el demandado no le ha pagado ni en todo ni en parte. Se solicitaba sentencia a favor del demandante por la suma de $500 por concepto de su derecho de hogar seguro. El litigio en forma y teoría no era uno para anular una orden decretando la venta de bienes hipotecados; ni era una acción reclamando daños y perjuicios indeterminados o ilíquidos. En teoría era una acción en cobro de dinero; mas de la demanda no se desprendía

ninguna relación de deudor y acreedor. Por tanto, desde el punto de vista de la teoría que del caso tiene el demandante, la demanda dejó de aducir hechos suficientes para sostener la súplica. Si desde cualquier otro punto de vista el demandante tenía derecho a algún remedio, entonces la corte de distrito cometió error al resolver que la demanda no aducía hechos suficientes para determinar una causa de acción. Sea ello como fuere, la corte, a nuestro juicio, cometió error al resolver que la demanda no era susceptible de ser enmendada y al declararla sin lugar, sin dar al demandante la oportunidad para enmendar.

Una venta efectuada en contra de las disposiciones de la sección 4, supra, es una nulidad absoluta, por lo menos en lo que al derecho de hogar seguro o a su exención se refiere. Véanse *Zander* v. *Scott,* 165 Ill. 51, 46 N. E. 2; *Imhoff* v. *Lipe,* 44 N. E. 493, 494; y casos citados. Véase también Kales "Homestead Exemption Laws", secciones 47–51, 115 y 123. Una orden dictada en un procedimiento ejecutivo sumario autorizando y ordenando la venta de los bienes hipotecados que están siendo ocupados y son reclamados como un hogar seguro, que no disponga el pago de la suma de $500 al dueño del hogar seguro, es igualmente nula e ineficaz. Dictar semejante orden es una invasión de los derechos del dueño a no ser molestado en el disfrute de su hogar seguro y en su exención, a menos que, y hasta que, la finca sea vendida en la forma prescrita por la sección 4, supra. La orden misma tiende a arrojar alguna sombra sobre su título y no hay razón alguna por qué deba exigírsele que espere hasta que la orden nula tenga por resultado una venta nula, antes de iniciar su acción para despejar su título. Después de iniciada tal acción, tendría, desde luego, derecho a aducir en una demanda complementaria, hechos ocurridos posteriormente, como, por ejemplo, una subasta nula y su lanzamiento de la finca ocupada y reclamada por él como su hogar seguro. Así, pues, en el mismo recurso podría dejarse sin efecto la orden de subasta nula, la subasta misma y (dejando a un lado cual-

quier cuestión de *res judicata,* impedimento u otras que surgieran del pleito de *injunction*) obtener un decreto poniéndole en posesión común (*joint possession*), quizá en posesión exclusiva, de la finca anteriormente ocupada por él como su hogar seguro. Desde luego, tal vez tenga otros remedios, algunos de los cuales pudieron o no existir al tiempo de iniciar su recurso. No es necesario que especulemos a este respecto.

Podría alegarse que la demanda enmendada, independientemente de cualesquiera otras cuestiones de hecho que no existían al momento de radicarse la demanda original, no demostraba falta de hechos suficientes para determinar una causa de acción, sino que era más bien una alegación deficiente de una buena causa de acción. Si la demanda no aducía hechos, tal defecto se debía a la ausencia de una alegación expresa de que la orden de subasta no disponía que se efectuara la venta en la forma prescrita por el artículo 4 de la ley de hogar seguro. Quizá se iría demasiado lejos al decir que el resultado de una enmienda a este respecto sería meramente hacer más cierto y definido algo que anteriormente era ambiguo e incierto. De todos modos, admitiendo, para los fines de la argumentación, sin resolverlo, que ni la demanda original ni la demanda enmendada aducían hechos suficientes para determinar una causa de acción, no tenemos razón alguna para creer que el defecto no pudiera ser subsanado mediante una enmienda ulterior. Todas las circunstancias tienden persuasivamente a una conclusión contraria.

En la relación anterior el suscribiente ha tratado de exponer su primera impresión del caso de autos. La noción de que la orden de venta era una nulidad absoluta en lo que a la exención de hogar seguro concernía, puede o no ser errónea. Se le somete como cuestión digna de seria consideración. Quizá la corte municipal estaba en lo cierto al permitir una enmienda a fin de ajustar la prueba, no embargante el hecho de que la demanda enmendada era técnicamente, conforme indica la corte de distrito, una demanda complementaria, y no obstante cualquier defecto que pudiera existir en la de-

manda original. Quizá la conclusión a que se llegó en la opinión de la mayoría puede ser fortalecida al hacer una consideración ulterior del poder plenario conferido a la corte de distrito por la sección 3 de la ley de 1908, supra, en concomitancia con el hecho de que al ejercicio de esta facultad debe seguir un juicio *de novo*. Sea ello como fuere, el juez que suscribe está plenamente convencido de que no puede permitirse que subsista la sentencia apelada. Por tanto, concurre en el criterio de que debe ser revocada y devolverse el caso.