MIGUEL J. ARZUAGA, demandante y apelado, *v.* CÁNDIDO RAMÍREZ MUÑOZ, demandado y apelante.

Núm. 7431.—*Sometido:* Noviembre 23, 1936. *Resuelto:* Diciembre 22, 1936.

*Llorens Torres & O'Neill,* abogados del apelante; *González Fagundo & González, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante Miguel J. Arzuaga adquirió el título de cierta propiedad a virtud de un procedimiento ejecutivo sumario iniciado por él contra Cándido Ramírez Muñoz. Más tarde el referido Miguel J. Arzuaga inició un pleito de desahucio contra Cándido Ramírez Muñoz y obtuvo sentencia a su favor, la cual fué apelada a la Corte Suprema por el demandado y ésta con fecha de mayo 29, 1936 dictó sentencia revocando la dictada por la Corte de Distrito de Humacao, porque Cándido Ramírez Muñoz tenía un derecho de hogar seguro sobre la finca ejecutada (ante pág. 106). El señor Arzuaga, después de terminado el pleito de desahucio consignó en la Corte de Distrito de Humacao, dentro del ejecutivo hipotecario la suma de quinientos dólares, importe de dicho hogar seguro, toda vez que dentro de ese ejecu-

tivo fué que se presentó la reclamación. Posteriormente el demandante radicó nueva demanda de desahucio, y es de la sentencia declarando con lugar esa demanda que ahora se apela.

El efecto de la decisión de esta corte fué que el demandante no tenía causa de acción al tiempo de iniciar el primer pleito de desahucio, ya que el demandado tenía un derecho de hogar seguro.

El demandante en algún período de estos procedimientos, conforme ya se ha dicho, depositó quinientos dólares en el ejecutivo sumario. Colegimos de los autos que están ante nos y de las admisiones de las partes, que el demandado fué debidamente notificado de este depósito. No existe contención alguna en sentido contrario.

El punto principal suscitado por el apelante en la corte inferior y en este tribunal ahora es que los quinientos dólares debieron haberse depositado en corte a virtud de un procedimiento ordinario de consignación; que el pago del dinero en el procedimiento ejecutivo no era suficiente, especialmente toda vez que el deudor no era parte en dicho recurso.

No se insiste grandemente en el hecho de que el deudor no era parte, y no le daremos especial consideración por las razones que aparecerán más adelante. El apelado ha solicitado se desestime el recurso por frívolo.

Nos sentimos obligados a resolver, y el apelante no nos convence de lo contrario, que cuando una persona obtiene el título de una finca sujeto a la reclamación de hogar seguro, ella puede deshacerse de esa reclamación pagando al que tiene ese derecho la suma de quinientos dólares. Decidimos que este pago puede hacerse en efectivo, quizá por cheque certificado, y de seguro puede efectuarse mediante depósito en corte, con notificación del mismo al deudor hipotecario. Parece probable que la idea del apelante es retener la posesión de la finca por un período mayor del que

dura su derecho de hogar seguro, y las cortes no deben prestarle otra ayuda que no sea protegerle en tal derecho.

Los hechos de este caso no están controvertidos y el apelante mismo ha elevado las notas taquigráficas para demostrar las cuestiones que se hallan pendientes.

En la corte inferior se plantearon otras defensas, pero han sido abandonadas o no se ha insistido en ellas ante este tribunal.

*Debe desestimarse el recurso por frívolo.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.

El Juez Asociado Señor Hutchison disintió.*