624

Núm. 992.—*Sometido:* Mayo 19, 1937. *Resuelto:* Mayo 26, 1937.

*Víctor M. Pons* y *Guillermo Gil Rivera,* abogados del recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Guayama la escritura de hipoteca Núm. 21 otorgada por doña Escolástica Rodríguez viuda de González a favor de don Nicolás Ortiz Lebrón ante el notario Víctor M. Pons Gil el 3 de marzo de 1937, causó la siguiente nota:

"Inscrito el presente documento . . . denegándose la consignación de la cláusula octava del mismo, por virtud de la cual la deudora doña Escolástica Rodríguez hace renuncia en favor y beneficio del acreedor de referencia sobre cualesquiera derechos o beneficios que tenga o pudiera tener al amparo de cualesquiera leyes aprobadas o por aprobarse por la Asamblea Legislativa de Puerto Rico o por el Congreso de los Estados Unidos de América que de alguna manera lesionen o mermen los derechos del acreedor, por hacerse extensiva tal renuncia a los beneficios que le concede la Ley número 87, apro-

bada por la Asamblea Legislativa de Puerto Rico en trece de mayo de mil novecientos treinta y seis, relativa al derecho de Hogar Seguro (*Homestead*) cuyo derecho según dicha ley es irrenunciable, y que si bien la referida deudora hace constar que no es jefe de familia por no tener quien dependa de ella para su subsistencia, ni ocupa la finca hipotecada como su residencia, ni tiene constituído en la misma su hogar seguro (*Homestead*) tales circunstancias son de carácter transitorio, . . ."

No conforme el acreedor hipotecario, interpuso el presente recurso gubernativo.

 La cláusula de la escritura de que se trata, copiada textualmente dice:

"*Octava:*—La compareciente doña Escolástica Rodríguez hace constar que no es jefe de familia por no tenerla que dependa de ella para su subsistencia ni ocupa la finca hipotecada como su residencia ni tiene constituído en la misma su hogar seguro (*Homestead*) y hace constar además que renuncia en favor y beneficio del acreedor cualesquiera derechos o beneficios que tenga o pudiera tener al amparo de cualesquiera leyes aprobadas o por aprobarse por la Asamblea Legislativa de Puerto Rico, o por el Congreso de los Estados Unidos de América que de alguna manera lesionen o mermen los derechos del acreedor hipotecario."

Como hemos podido ver, la negativa del registrador se circunscribe a la relación que guarda la renuncia con el derecho de hogar seguro. Y a esa relación debemos limitar y limitaremos nuestro estudio.

Admite el recurrente que el derecho de hogar seguro es irrenunciable y que la situación actual con respecto al mismo que revela la escritura es transitoria, existiendo la posibilidad de que en el futuro la deudora pueda constituir su hogar seguro en la finca hipotecada, pero sostiene que ese derecho que es posible que quisiera ejercitar dicha deudora no está comprendido en la renuncia.

Basa su posición en que la deudora por la cláusula en cuestno renuncia todos los derechos o beneficios que tenga o

pudiera tener al amparo de leyes aprobadas o por aprobar, si que limita la renuncia a aquéllos de. sus derechos que de alguna manera pudieran lesionar o mermar los del acreedor hipotecario, y como la constitución futura de un hogar seguro no podría en manera alguna lesionar o mermar el derecho de hipoteca previamente constituído a favor del acreedor, claro es que no está comprendido en la renuncia.

Y tiene razón a nuestro juicio. Esta propia corte en el caso de *Colón* v. *Giorgi*, 38 D.P.R. 356, 358, resolvió:

"De acuerdo con la ley y la jurisprudencia sólo puede reclamarse el hogar seguro cuando queda constituído con anterioridad al gravamen impuesto por su propietario.

" 'Que todo jefe de familia, tendrá derecho a una finca de *homestead*, hasta el valor de quinientos dólares en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezcan o que posea legalmente, en virtud de arrendamiento o en otra forma y estuviere ocupado por él o ella como su residencia . . .' dice la ley de Puerto Rico sobre la materia (Comp. 1911, pág. 230), y la jurisprudencia establece:

" 'Cuando se exige que la finca esté ocupada para que surja el derecho de hogar seguro, no puede alegarse la exención si la propiedad no está siendo materialmente usada como residencia en el momento del embargo; y es obvio que la regla general expresada anteriormente será aplicable cuando se trata de alegar tal exención contra sentencias, hipotecas y otros gravámenes, o aún contra reclamaciones generales existentes con anterioridad al momento en que se ocupó la propiedad para los fines del hogar seguro.' 29 C. J. 861.

"Por regla general, las leyes sobre exención deben ser interpretadas en relación con el estado de cosas existente al tiempo de trabarse el embargo, o al tiempo en que surgió el gravamen; y si el derecho no existe en ese momento, no puede ser creado por ningún acto posterior del deudor. Así, cuando la propiedad no tiene el carácter de hogar seguro al tiempo de surgir el gravamen, el hecho de que después llegara a tenerlo no priva al reclamante del gravamen de su derecho.' 13 R.C.L. 601.

"El caso de *Dávila* v. *Sotomayor*, 35 D.P.R. 794 que invoca el apelante, no es contrario a la anterior doctrina. En dicho caso los

esposos Sotomayor-Pizarro tenían constituído en la finca en cuestión su hogar desde hacía unos treinta años y la gravaron después conociendo Dávila que los esposos vivían en ella con sus hijos.''

*Siendo ello así, opinamos que debe declararse con lugar el recurso y revocarse la nota del registrador en la parte en que ha sido recurrida.*