EMILIA BATISTA VDA. DE MIRANDA, peticionaria, *v.* CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA SIACA, JUEZ, demandada.

Núm. 1183.—*Sometido:* Julio 10, 1939. *Resuelto:* Julio 29, 1939.

**El Juez Asociado Señor De Jesús** emitió la opinión del tribunal.

El 19 de diciembre de 1938 Emilia Batista viuda de Miranda estableció un procedimiento ejecutivo contra Juana Neris bajo el número 1027 de los casos civiles de la Corte de Distrito de Humacao. Reclamaba $250 de capital, intereses al 9 por ciento anual desde abril primero de 1938 hasta la fecha de la interposición de la demanda montantes a $15, más $50 para costas, gastos y honorarios de abogado, y $30.74 de contribuciones adeudadas por la finca y satisfechas por la demandante.

En el acto de la subasta la demandada, por su abogado Benjamín Ortiz, radicó en la oficina del márshal una reclamación de hogar seguro sobre la casa hipotecada. El márshal celebró la subasta, obteniéndose una cantidad menor de $500. La deudora hipotecaria, radicó una moción en la Corte de Distrito de Humacao el día siguiente al de la celebración de la subasta, solicitando que por la corte se anulase la venta así celebrada. La corte oyó a ambas partes y luego dictó resolución anulando la subasta en cuestión. La demandante en el caso de ejecución de hipoteca, no conforme con la orden de la corte anulando la subasta, radicó este recurso de *certiorari* en el que solicita se anule dicha orden y se deje subsistente la subasta celebrada.

La Ley de *homestead* (núm. 87 de 1936, (1) pág. 461), en su artículo 5 expresamente dispone que "no se hará venta alguna por virtud de sentencia o ejecución de ninguna finca urbana ó rústica cuando se reclamare u ocupare la misma como hogar seguro (*homestead*), inscrito o no en el registro

de la propiedad, a menos que se obtenga por ella una suma mayor de $500.''

En este caso ya hemos visto que la suma obtenida en la subasta fué menor de $500, y siendo ello así, en cumplimiento del precepto terminante del artículo 5 de la Ley de *Homestead,* procedió correctamente la corte inferior al anular la subasta celebrada, pues de acuerdo con el precepto transcrito carecía el márshal de jurisdicción para efectuar la venta impugnada.

Se alega por la peticionaria que la Ley Hipotecaria no puede ser enmendada sino por una ley especial, pero en este caso no se trata de una enmienda a la Ley Hipotecaria, sino de una exención que la ley declara a favor de aquellas fincas sobre las cuales se reclamare hogar seguro cuando la subasta celebrada por virtud de sentencia o ejecución no excediere de la cantidad de $500.

Si la deudora hipotecaria tiene o no derecho al *homestead* que solicita es cuestión para ser resuelta en el juicio declarativo correspondiente y no dentro del procedimiento ejecutivo hipotecario, ni mucho menos dentro de este recurso de *certiorari.*

*Por lo expuesto, procede anular el auto expedido y devolver los autos a la corte inferior para ulteriores procedimientos.*

El Juez Asociado Sr. Travieso no intervino.