R. Ruiz & Co., demandante y apelante, *v.* José Marcano. demandado y apelado.

Núm. 8494.—*Sometido:* Noviembre 20, 1942. *Resuelto:* Enero 15, 1943.

*Miranda & Miranda Esteve,* abogados de la apelante; *R. R. Rivera Correa,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 8 de julio de 1937 el márshal de la corte de distrito vendió en pública subasta la casa de José Marcano, que había sido embargada para asegurar una sentencia dictada en su contra y en favor de R. Ruiz & Co. Ésta última adquirió la casa en la subasta por $200.

El 27 de julio de 1937 Marcano entabló en la corte municipal un pleito contra Ruiz & Co., reclamando un derecho de hogar seguro en dicha casa y solicitando se dictara sentencia por la cantidad de $500. En apelación, la corte de distrito, en su sentencia de 30 de septiembre de 1938, reconoció el derecho de hogar seguro que Marcano tenía en la casa, pero denegó la reclamación en cobro de dinero. En dicho caso la corte dijo que Marcano "puede también acudïr con una moción en el pleito principal que dió margen a la ejecución y solicitar que se anule la venta celebrada."

De conformidad con lo anterior, el 18 de octubre de 1940, Marcano, alegando que antes y después de dicha venta judicial ha ocupado la casa en cuestión como su residencia, radicó una moción solicitando que se anulara dicha venta. El 18 de junio de 1941 la corte de distrito dictó una resolución declarando con lugar esa moción, y la demandante ha apelado de la misma.

La sección 5 de la Ley núm. 87, Leyes de Puerto Rico, 1936 ((1) pág. 461), dispone que "No se hará venta alguna por virtud de sentencia o ejecución de ninguna finca . . . cuando se reclamare u ocupare la misma como hogar seguro (*homestead*), . . . a menos que se obtenga por ella una suma mayor de quinientos (500) dólares."

La misma sección dispone más adelante que "Tal reclamación se hará por . . . declaración jurada . . . que ·se entregará al oficial encargado de llevar a cabo la venta."

La sección 5 dispone además que en caso de que la finca se vendiere por más de quinientos dólares, "el excedente sobre dicha suma se pagará al acreedor y la suma de quinientos (500) dólares será depositada . . . por el oficial que llevó a cabo la venta en la secretaría de la corte de distrito . . . para que dicho tribunal decida entonces sobre la legitimidad de la reclamación."

En su opinión en el presente caso, la corte de distrito dijo que "En el caso de autos se obtuvo por la finca una suma menor de $500, y el demandado la ocupaba como hogar seguro. De acuerdo con la letra de la ley no debió haberse vendido la finca. No es esencial, de acuerdo con la ley citada, que se reclame el hogar seguro oportunamente. No debe venderse la finca por menos de $500 *si se ocupare* como hogar seguro, o si se reclamare tal derecho . . .".

No es necesario determinar si esta interpretación de la sección 5, en tanto en cuanto se refiere a la necesidad de una reclamación, es correcta. (*Cf. F. Carrera & Hno.* v. *Registrador,* 36 D.P.R. 316, 318; *Dávila* v. *Sotomayor et al.,* 35 D.P.R. 794, 799; opinión concurrente del Juez Asociado Sr. Hutchison en *Veve* v. *Keith,* 49 D.P.R. 185, 191.) Sólo nos detenemos para indicar que esta sección debe ser leída en relación con la sección 1 de la Ley que define el hogar seguro como una finca que no exceda de $500 "que le pertenezca . . . y estuviere ocupada" por el que reclama el derecho de hogar seguro.

No es necesario que resolvamos si la ocupación sin una reclamación equivale a un cumplimiento con el procedimiento estatuído en la sección 5, toda vez que el presente caso está comprendido dentro del procedimiento señalado en la sección 6. Dicha sección dispone lo siguiente:

"En caso de no formularse reclamación alguna ante el oficial encargado de verificar la subasta, la persona con derecho a la recla-

mación de *homestead* podrá dentro del término de sesenta (60) días, contados desde la fecha en que la subasta se celebró, entablar acción ordinaria correspondiente.''

Diecinueve días después de celebrada la venta judicial y de conformidad con lo que dispone la sección 6, Marcano inició una acción para hacer efectivo su derecho de hogar seguro, que una corte de distrito ha reconocido en una sencia final y firme. Habiendo elegido proceder por medio de una demanda bajo la sección 6 en vez de a través de una reclamación bajo la sección 5, los derechos substantivos estatuídos en la sección 5 fueron debidamente ejercitados en la mencionada demanda.

En apoyo de su contención al efecto de que la moción para anular la venta judicial fué radicada demasiado tarde, la apelante se limita a citar el artículo 140 de nuestro Código de Enjuiciamiento Civil. Ese artículo no puede en manera alguna tener aplicación al presente caso.

Resta tan sólo indicar que en este caso no cabe alegación alguna de impedimento o abandono (*estoppel or laches*). Marcano entabló a tiempo su acción bajo la sección 6; su ocupación de la casa nunca ha sido interrumpida; y, como expresara la corte de distrito, ''la situación de las partes es la misma que existía el día de la venta.''

*La sentencia de la corte de distrito será confirmada.*