JESÚS BOSQUES ROMÁN y su esposa MARÍA JOSEFA AVILÉS, conocida por MARÍA JOSÉ AVILÉS, recurrentes, *v.* EL REGISTRADOR INTERINO DE LA PROPIEDAD DE AGUADILLA, recurrido.

Número 1287.

*Sometido:* 1 de octubre de 1952. *Resuelto:* 12 de noviembre de 1952.

*José Veray, Jr.*, abogado de los recurrentes; el Registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

Jesús Bosques Román y su esposa María Josefa Avilés otorgaron un pagaré al portador por la suma de mil quinientos dólares. En garantía del referido pagaré, los esposos Bosques Avilés constituyeron hipoteca voluntaria sobre una finca rústica en la cual enclavan dos casas. La escritura de hipoteca contiene una cláusula que lee como sigue:

"F—Los deudores tienen constituído su hogar seguro en una de las casas ya que la otra la destinan a alquiler;"

Presentada la referida escritura de hipoteca en el Registro de la Propiedad de Aguadilla, el registrador la inscribió con la siguiente nota:

"Inscrito este documento al folio 138 vuelto del tomo 57 de Moca, finca número 1263 duplicado e inscripción 12º haciéndose la advertencia de no indicarse en cuál de las dos casas tienen su hogar seguro los deudores. No reporta otra carga que la que comprende este documento."

Contra esa calificación elevaron los recurrentes el presente recurso gubernativo alegando que la mencionada advertencia constituye en efecto un supuesto defecto subsanable, el cual no está justificado, por lo que nos piden ordenemos la inscripción eliminándose la parte de la nota de inscripción que dice "haciéndose la advertencia de no indicarse en cuál de las dos casas tienen su hogar seguro los deudores."

La hipoteca se constituyó sobre la finca en su totalidad como un solo inmueble, tal como figura inscrita en el Registro, valorándose en la suma de $1,700 como tipo para la primera subasta en caso de ejecución. En ese caso, la hipoteca se ejecutará sobre toda la finca y no sobre una casa o la otra, puesto que los edificios no son más que accesorios del suelo que es lo principal, salvo prueba en contrario. Scaévola, Código Civil, Tomo 6, págs. 285 y 286; Manresa, Comentarios al Código Civil Español, Tomo 3, pág. 202;

*Longpré* v. *El Registrador de San Juan*, 24 D.P.R. 896, 899, revocado por otros motivos en *Ramírez* v. *Registrador*, 61 D.P.R. 311. En vista de esto era, pues, innecesario especificar sobre cuál de las dos casas está constituído el derecho de hogar seguro. En todo caso, dicho derecho se puede reclamar aportando la prueba necesaria en el procedimiento de ejecución o aun después del mismo. *F. Carrera & Hno.* v. *Registrador*, 36 D.P.R. 316; *Veve* v. *Keith*, 49 D.P.R. 185; sección 5, párrafo 4 de la Ley núm. 87 de 13 de mayo de 1936 ((1) pág. 463). Ello es así, porque el derecho de hogar seguro en Puerto Rico no es el derecho a continuar poseyendo la casa o terreno en que estaba constituído sino que es más bien un derecho a que se le entregue al deudor la suma de $500 que es la parte de la propiedad que está exenta de ejecución. Secciones 1, 2 y 5 de la indicada Ley núm. 87. *Dávila* v. *Martínez*, 37 D.P.R. 846; *F. Carrera & Hno.* v. *Registrador*, supra; *Noriega* v. *Registrador*, 44 D.P.R. 323; *Aldea* v. *Tomás y Piñán*, 51 D.P.R. 764; *Veve* v. *Keith*, supra; *Arzuaga* v. *Ramírez*, 50 D.P.R. 776; *Crédito y Ahorro Ponceño* v. *Beveraggi*, 55 D.P.R. 649; Muñoz Morales, Lecciones de Derecho Hipotecario, Tomo 2, página 292; si bien puede el acreedor ejecutante hacer el pago asignándole al deudor un pedazo de la finca original por dicho valor. *González* v. *Corte Municipal*, 54 D.P.R. 18. Claro que si la finca resultase valer menos de $500 entonces no cabría la ejecución de la misma. *Batista* v. *Corte*, 55 D.P.R. 535.

Siendo ello así, el derecho que tiene el acreedor hipotecario a ejecutar la hipoteca sobre la finca en caso de incumplimiento de la obligación, no puede quedar afectado por el hecho de que el hogar seguro esté constituído sobre una u otra de las dos casas enclavadas en la finca. La obligación del acreedor se circunscribe en tal caso a pagar a los deudores la suma de $500, si se reclamase conforme al procedimiento prescrito en la sección 5 de la citada Ley núm. 87 de 1936.

Conforme al estado actual de nuestra legislación, peculiar a la materia envuelta, no es necesario que el derecho de hogar seguro aparezca inscrito en el Registro de la Propiedad para que el mismo sea efectivo.([1]) *Dávila* v. *Sotomayor*, 35 D.P.R. 794. La inscripción que permite la Ley núm. 87 de 1936 tiene como miras el facilitar la prueba a la hora de ejecutarse la propiedad.([2]) La prueba de que el derecho de hogar seguro existía al momento de constituirse la carga o gravamen es necesaria porque si se probase que la carga o gravamen se constituyó antes que el derecho de hogar seguro, aquélla no podría quedar afectada por éste. *Ortiz* v. *Registrador*, 51 D.P.R. 624; *Colón* v. *Giorgi*, 38 D.P.R. 356;([3]) Anotación en 123 A.L.R. 428 y casos allí citados. Dicha inscripción concede pues una valiosa prueba, aunque no la única, ya que a falta de la inscripción, el hecho de que el derecho de hogar seguro ya estaba establecido al constituirse la carga o gravamen puede probarse por cualquier otro medio admisible. Sección 4 de la Ley núm. 87 de 1936, supra, escolio (1).

*Por los razonamientos expuestos, debe modificarse la nota del Registrador ordenándosele que elimine de la misma la frase "haciéndose la advertencia de no indicarse en cuál de las dos casas tienen su hogar seguro los deudores."*

([1]) La sección 4 de la Ley núm. 87 de 1936 ((1) pág. 461) dispone en su último párrafo que:

"El hecho de que una finca no esté inscrita como *homestead* ni que del derecho al mismo se haya tomado anotación en el registro de la propiedad en nada afecta al derecho de hogar seguro (*homestead*) que en ella tenga su propietario como tal jefe de familia."

([2]) Conforme al primer párrafo de la sección 4 de la Ley núm. 87 de 1936 la inscripción sólo constituye prueba prima facie del hecho de la ocupación.

([3]) No hemos perdido de vista que la mayoría de la jurisprudencia citada es interpretativa de la Ley de 12 de marzo de 1903, pero no habiendo sido variada ésta sustancialmente por la Ley núm. 87 de 1936, dicha jurisprudencia es persuasiva. Véase, Muñoz Morales, Lecciones de Derecho Hipotecario, tomo 2, página 310.